# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>WORLEY & OBETZ, INC.<br><br>　　　　　　　　Debtor. | Chapter 7<br>Bankr. Case No. 18-13774-ref |
| In re:<br><br>AMERIGREEN ENERGY, INC.<br><br>　　　　　　　　Debtor. | Chapter 7<br>Bankr. Case No. 18-13777-ref |
| In re:<br><br>AMERIGREEN PROPANE, LLC<br><br>　　　　　　　　Debtor. | Chapter 7<br>Bankr. Case No. 18-13784-ref |
| AMY DAVELER and MARCO PEREZ on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>WORLEY & OBETZ, INC., AMERIGREEN ENERGY, INC., and AMERIGREEN PROPANE, LLC,<br><br>　　　　　　　　Defendants. | **Adv. Pro. No. _____ - \_\_\_\_\_** |

**CLASS ACTION ADVERSARY PROCEEDING COMPLAINT**
**FOR VIOLATION OF WARN ACT 29 U.S.C. § 2101, *et seq.***

Plaintiffs Amy Daveler and Marco Perez ("*Plaintiffs*") allege on behalf of themselves and

a putative class of similarly situated former employees of Worley & Obetz, Inc., AMERIgreen

Energy, Inc., and AMERIgreen Propane, LLC (together, the "*Debtor-Defendants*") by way of this

Class Action Adversary Proceeding Complaint against Defendants as follows:

## NATURE OF THE ACTION

1. This is a class action for the recovery by Plaintiffs Amy Daveler and Marco Perez and the other similarly situated employees of Defendants for damages in the amount of sixty (60) days' pay and ERISA benefits by reason of Defendants' violation of the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* (the "***WARN Act***").

2. Plaintiffs Amy Daveler and Marco Perez were terminated along with approximately 250 similarly situated employees as part of a mass layoff ordered by Defendants on or about May 21, 2018. These terminations failed to give Plaintiffs and other similarly situated employees of Defendants at least sixty (60) days' advance notice of termination, as required by the WARN Act. As a consequence of such a WARN Act violation, Plaintiffs and other similarly situated employees seek their statutory remedies.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1334, 1367 and 29 U.S.C. § 2104(a)(5).

4. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B) and (O).

5. Venue is proper in this District pursuant to 28 U.S.C. § 1409 and 29 U.S.C. § 2104(a)(5).

## THE PARTIES

*Plaintiffs*

6. Plaintiff Amy Daveler worked at Defendants' location at 85 White Oak Road, Manheim, Pennsylvania 17545 and served as Sales Manager until her termination on May 21, 2018.

7. Plaintiff Marco Perez worked at Defendants' location at 85 White Oak Road, Manheim, Pennsylvania 17545 and served as Operation Sales until his termination on May 21, 2018.

*8.* Upon information and belief, none of the terminated employees received any written notice of termination.

### *Defendants*

9. Upon information and belief, Defendant Worley & Obetz, Inc., is a Pennsylvania energy company with its principal place of business located at 85 White Oak Road, Manheim, Pennsylvania 17545.

10. Upon information and belief, Defendant AMERIgreen Energy, Inc., is a Pennsylvania energy company, which wholesales and distributes fuel, with its principal place of business located at 85 White Oak Road, Manheim, Pennsylvania 17545.

11. Upon information and belief, Defendant AMERIgreen Propane, LLC, is a Pennsylvania energy company, which wholesales and distributes fuel, with its principal place of business located at 85 White Oak Road, Manheim, Pennsylvania 17545.

12. Defendants maintained and operated their corporate headquarters located at 85 White Oak Road, Manheim, Pennsylvania, and operated additional facilities as that term is defined by the WARN Act in Lancaster County including, but not limited to, 202 Greenfield Road, Lancaster, Pennsylvania 17601 (collectively the "Facilities").

13. Until beginning on or about May 21, 2018, the Plaintiffs and all similarly situated employees were employed by Defendants and worked at or reported to one of Defendants' Facilities.

14. Upon information and belief, Defendants made the decision to terminate the employment of the Plaintiffs and the other similarly situated former employees.

15. On June 6, 2018, Defendants filed voluntary petitions for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

## FEDERAL WARN ACT CLASS ACTION ALLEGATIONS

16. Plaintiffs brings this Claim for Relief for violation of 29 U.S.C. § 2101 et seq., on behalf of themselves and on behalf of all other similarly situated former employees, pursuant to 29 U.S.C. § 2104(a)(5) and Fed. R. Civ. P. 23(a), who worked at, received assignments from, or reported to one of Defendants' Facilities and were terminated without cause on May 21, 2018, and within thirty (30) days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on May 21, 2018 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5) (the "WARN Class").

17. The persons in the WARN Class identified above (collectively, the "WARN Class Members") are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

18. Upon information and belief, Defendants employed approximately 250 full-time employees who worked at or reported to the Facilities under the business names Worley & Obetz, Inc., AMERIgreen Energy, Inc., or AMERIgreen Propane, LLC.

19. On information and belief, the identity of the members of the class and the recent residence address of each of the WARN Class Members is contained in the books and records of Defendants.

4

20. On information and belief, the rate of pay and benefits that were being paid by Defendants to each WARN Class Member at the time of his/her termination is contained in the books and records of Defendants.

21. Common questions of law and fact exist as to members of the WARN Class, including, but not limited to, the following:

(a) whether the members of the WARN Class were employees of the Defendants who worked at or reported to Defendants' Facilities;

(b) whether Defendants unlawfully terminated the employment of the members of the WARN Class without cause on their part and without giving them sixty (60) days advance written notice in violation of the WARN Act; and

(c) whether Defendants unlawfully failed to pay the WARN Class members sixty (60) days wages and benefits as required by the WARN Act.

22. Plaintiffs' claims are typical of those of the WARN Class. Plaintiffs, like other WARN Class members, worked at, reported to, or received assignments from one of Defendants' Facilities and were terminated beginning on or about May 21, 2018, due to the mass layoff and/or plant closing.

23. Plaintiffs will fairly and adequately protect the interests of the WARN Class. Plaintiffs has retained counsel competent and experienced in complex class actions, including the WARN Act and employment litigation.

24. On May 21, 2018, Plaintiffs were terminated by Defendants. Their terminations were part of a mass layoff or a plant closing as defined by 29 U.S.C. § 2101(a)(2), (3), for which they were entitled to receive sixty (60) days advance written notice under the WARN Act.

25. Class certification of these claims is appropriate under Fed. R. Civ. P. 23(b)(3),

5

made applicable by Fed. R. Bankr. P. 7023(b)(3), because questions of law and fact common to the WARN Class predominate over any questions affecting only individual members of the WARN Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of WARN Act litigation, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants, and the individual damages they suffer are small compared to the expense and burden the individual would face prosecuting this litigation alone.

26. Concentrating all the potential litigation concerning the WARN Act rights of the members of the Class in this Court will obviate the need for unduly duplicative litigation that might result in inconsistent judgments, will conserve the judicial resources and the resources of the parties and is the most efficient means of resolving the WARN Act rights of all the members of the Class.

27. Plaintiffs intends to send notice to all members of the WARN Class to the extent required by Rule 23.

28. The relief sought in this proceeding is equitable in nature.

## CLAIMS FOR RELIEF

### Violation of the Federal WARN Act, 29 U.S.C. § 2104

29. Plaintiffs realleges and incorporates by reference all allegations in all preceding paragraphs.

30. At all relevant times, Defendants employed more than one-hundred (100) employees who in the aggregate worked at least four thousand (4,000) hours per week, exclusive of hours of overtime, within the United States.

31. At all relevant times, Defendants were an "employer," as that term is defined in

6

29 U.S.C. § 2101 (a)(1) and 20 C.F.R. § 639(a)(3), and continued to operate as a business until they decided to order mass layoffs or plant closings at the Facilities.

32. The Defendants constituted a "single employer" of the Plaintiffs and the Class Members under the WARN Act in that, among other things:

(a) The Defendants shared common ownership;

(b) The Defendants shared common officers and directors;

(c) All of the Defendants exercised *de facto* control over the labor practices governing the Plaintiffs and Class Members, including the decision to order the mass layoff or plant closing at the Facilities;

(d) There was a unity of personnel policies emanating from a common source between Defendants; and

(e) There was a dependency of operations between Defendants.

33. Defendants ordered a mass layoff and/or plant closing on May 21, 2018 at the Facilities, as those terms are defined by 29 U.S.C. § 210l(a)(2) and 20 C.F.R. § 639.3(i).

34. The mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. §2101(a)(2) for at least fifty of Defendants' employees as well as thirty-three percent (33%) of Defendant's workforce at the Facilities, excluding "part-time employees," as that term is defined by 29 U.S.C. § 2101(a)(8).

35. Plaintiffs and the Class Members were terminated by Defendants without cause on their part, as part of or as the reasonably foreseeable consequence of the mass layoffs or plant closings ordered by Defendants at the Facilities.

36. Plaintiffs and the Class Members are "affected employees" of Defendants, within the meaning of 29 U.S.C. § 2101(a)(5).

7

37. Defendants were required by the WARN Act to give the Plaintiffs and the Class Members at least sixty (60) days advance written notice of their terminations.

38. Defendants failed to give Plaintiffs and the Class Members written notice that complied with the requirements of the WARN Act.

39. Plaintiffs and each of the Class Members are "aggrieved employees" of Defendants as that term is defined in 29 U.S.C. § 2104(a)(7).

40. Defendants failed to pay Plaintiffs and each of the Class Members their respective wages, salary, commissions, bonuses, accrued vacation and personal time off for sixty (60) days following their respective terminations, and failed to make the pension and 401(k) contributions and provide employee benefits under COBRA for sixty (60) days from and after the dates of their respective terminations.

41. The relief sought in this proceeding is equitable in nature.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief as against Defendants, jointly and severally:

A. Certification of this action as a class action;

B. Designation of Plaintiffs as Class Representatives;

C. Appointment of the undersigned attorneys as Class Counsel;

D. An allowed wage priority claim for up to $12,850 of the WARN Act claims of Plaintiffs and each of the other similarly situated former employees under 11 U.S.C. § 507(a)(4) and (5), and the remainder as a general unsecured claim, or, in the alternative, post-petition administrative expense claim equal to the sum of: (i) unpaid wages, salary, commissions, bonuses, accrued holiday pay, accrued

   vacation pay pension and 401(k) contributions and other ERISA benefits, for 60 days, that would have been covered and paid under the then applicable employee benefit plans had that coverage continued for that period, all determined in accordance with the federal WARN Act, 29 U.S.C. §2104(a)(1)(A), against Defendants in favor of Plaintiffs and the other similarly situated former employees equal to those sums;

E. Reasonable attorneys' fees and the costs and disbursements that Plaintiffs will incur in prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104; and

F. Such other and further relief as this Court may deem just and proper.

Dated: June 7, 2018

           Respectfully submitted,

         By: /s/Christopher D. Loizides
         Christopher D. Loizides (PA No. 62303)
         **LOIZIDES, P.A.**
         1225 King Street, Suite 800
         Wilmington, Delaware 19801
         Telephone: (302) 654-0248
         Facsimile: (302) 654-0728
         E-mail:  loizides@loizides.com

         Jack A. Raisner (*pro hac vice forthcoming*)
         René S. Roupinian (*pro hac vice forthcoming*)
         **OUTTEN & GOLDEN LLP**
         685 Third Avenue, 25th Floor
         New York, New York 10017
         Telephone: (212) 245-1000
         Facsimile: (646) 509-2070
         E-mail:  jar@outtengolden.com
              rsr@outtengolden.com

         *Attorneys for Plaintiffs and the putative class*