# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| WORLEY & OBETZ, INC., *et al.*,[1] | : Case No. 18-13774 (REF) |
| | : (Joint Administration Pending) |
| Debtors. | : |
| | : |

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF HESS AUCTION GROUP PURSUANT TO 11 U.S.C. §§ 327(a) AND 328(a), FED. R. BANKR. P. 2014 AND PA. BANKR. L.R. 2014-1

Christine C. Shubert (the "Trustee"), the chapter 7 trustee for the estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her proposed attorneys, Fox Rothschild LLP, respectfully requests the entry of an order authorizing the employment and retention of Hess Auction Group ("Hess") pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and Pa. Bankr. L.R. 2014-1 (the "Motion"). In support of the Motion, the Trustee submits the Affidavit of Scott Huber, the General Manager of Hess (the "Huber Affidavit"), which is attached hereto as **Exhibit "A"** and incorporated by reference herein. In support of the Motion, the Trustee respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) Ranck Plumbing Heating & Air Conditioning, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

ACTIVE\58226876.v4-6/13/18

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Section 327(a) and 328(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Local Rules").

## BACKGROUND

4. On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

5. On the same day, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

6. On June 11, 2018, the Trustee filed a Motion for entry of an Order Authorizing and Directing the Joint Administration of the Debtors' Chapter 7 Cases pursuant to Fed. R. Bankr. P. 1015(b) (the "Motion for Joint Administration"), therein requesting entry of an order authorizing and directing the joint administration of the Debtors' chapter 7 cases for procedural purposes only under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF).

7. Prior to the Petition Date, as more fully described in the *Chapter 7 Trustee's Motion for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing the Trustee to Use Property of the Estates to Pay Wages, Costs, and Other Post-Petition Operating Expenses Necessary to Preserve and Maintain the Debtors' Assets During the Sale Process* (the "363 Motion"), certain Debtors operated as total energy providers, and provided energy products and services to their commercial and residential clients, including but not limited to, the following:

2

    a. Fuel, gasoline, biodiesel, heating oil, kerosene, naptha, propane, and other forms of renewable energy;

    b. Electricity and natural gas;

    c. HVAC installation, repair, maintenance, and service; and

    d. Plumbing system installation, repair and maintenance.

8. Additionally, as more fully described in the 363 Motion, certain Debtors operated as energy wholesalers to retail distributors operating in the Mid-Atlantic and New England markets, and provided certain energy products and services to their retail fuel distributors, fuel stations, commercial clients, and commercial and residential clients of Debtor Worley & Obetz, Inc. ("Debtor W&O"), including but not limited to, the following:

    a. Ethanol and biodiesel inventory supply and delivery to retail fuel distributors and commercial clients;

    b. Hedging and marketing services to fuel distributor customers;

    c. Electricity and natural gas plans to commercial and residential clients;

    d. Delivery and supply to Debtor W&O commercial and residential customers of Amerigreen fuel, biodiesel, biofuels, petroleum, and diesel fuels; and

    e. Operate, supply and delivery of Amerigreen energy products to Amerigreen stations.

9. The Debtors' estates have rights, title and interest in and to certain real property, buildings and improvements thereon, office buildings and office space, fuel stations and fuel distribution sites located across the East Region (collectively, the "Office/Fuel Sites").

10. The Debtors' estates own certain inventory, food, perishable agricultural commodities, materials, ingredients, finished goods, and supplies and perishables located in the

3

convenience store at "Molly's Convenience Store and Gas Station" (collectively, the "Goods"). The Debtors' estates also own certain fuel, gasoline, ethanol, biodiesel, heating oil, kerosene, naptha, propane, and other renewable energy inventory located at the Office/Fuel Sites (as defined in the 363 Motion), the Wo-Go Stations (as defined in the 363 Motion), Molly's, and other locations throughout the East Region (collectively, the "Fuel Inventory"). The Debtors' estates also own certain fixtures, furniture, machinery, equipment and other tangible assets (collectively, the "Equipment") used in the Debtors' business operations, which is presently located at the Debtors' Office/Fuel Sites, the Wo-Go Stations, Molly's, and at other locations throughout the East Region. Furthermore, the Debtors' estates own (i) certain vehicles, trucks, trailers, fuel tankers, and betterments (collectively, the "Vehicles") located at the Office/Fuel Sites and across the East Region; and (ii) fuel storage tanks located at their commercial and residential clients (collectively, the "Tanks"). Lastly, the Debtors' own customer lists, supply contracts, goodwill, and other tangible and intangible property (the "Other Assets" and collectively with the Office/Fuel Sites, Goods, Fuel Inventory, Equipment, Vehicles, and Tanks, the "Property")

11. By this Motion, the Trustee seeks to retain Hess as her auctioneers to perform certain services more specifically set forth herein under the payment terms set forth herein.

12. Hess shall receive an hourly rate of $50 per hour, per person to move, consolidate and inventory the Property, with 500 hours being preapproved; a two percent (2%) commission on the gross sale price for each Office/Fuel Site; a buyer's premium equal to ten percent (10%) of the gross sale price (the "Buyer's Premium") for each item of Goods, Fuel Inventory, Equipment, and Other Assets, and a ten percent (10%) commission on the gross sale price for each item of Goods, Fuel Inventory, Equipment, Tanks, and Other Assets; a Buyer's Premium for each Vehicle sold, and a ten percent (10%) commission on the gross sale price for each Vehicle; Hess's

4

reimbursement for the actual sale expenses, including (a) all labor, travel, advertising, and other expenses for Hess's personnel to prepare for and conduct an auction and conclude the sale of the Property, and (b) all other charges and expenses incurred by Hess to prepare for, conduct and conclude an auction and perform their services under this Motion (collectively, the "Sale Expenses").

13. Hess will not duplicate any services provided by Fox Rothschild as general bankruptcy counsel.

**RELIEF REQUESTED**

14. By this Motion, pursuant to 11 U.S.C §§ 327 and 328, Fed. R. Bankr. P. 2014, and Pa. Bankr. L.R. 2014-1, the Trustee seeks the entry of an order authorizing her to retain and employ Hess as her auctioneers to perform certain services set forth above.

15. Additionally, the Trustee seeks entry of an order authorizing Hess to move, consolidate, and inventory the Property, and conduct an auction to sell the Debtors' right, title and interest in the Property to the highest prevailing bidder at an auction, subject to the terms set forth in this Motion, free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363 and Fed. R. Bankr. P. 6004, with any such liens, claims, interest and encumbrances attaching to the proceeds from an auction and sale to the same extent, validity, and priority as existed prior to an auction and sale.

**BASIS FOR RELIEF REQUESTED**

16. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ an auctioneer to represent or assist the chapter 7 trustee in carrying out the trustee's duties only if that auctioneer is disinterested, as that term is defined in section 101(14) of the Bankruptcy Code, and does not hold or represent an interest adverse to the estate. See 11 U.S.C. § 327(a).

5

17. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under Section 701 of the Bankruptcy Code to employ, subject to court approval, an auctioneer to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis. See 11 U.S.C. § 328(a).

18. Bankruptcy Rule 2014(a) provides, in relevant part, as follows:

> An order approving the employment of attorneys, accountants, appraisers, ***auctioneers***, agents, or other professionals pursuant to § 327, § 1103, or § 1114 of the Code shall be made only on application of the trustee or committee. The application shall be filed and . . . a copy of the application shall be transmitted by the applicant to the United States trustee. The application shall state the specific facts showing the necessity for the employment, the name of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee. The application shall be accompanied by a verified statement of the person to be employed setting forth the person's connections with the debtor, creditors, or any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. Bankr. R. 2014(a)(emphasis added).

### A.    **Hess's Qualifications**

19. The Trustee seeks to retain Hess as her auctioneers because: (a) Hess has extensive experience in the collection, marketing, auctioning, and selling of property similar to the Property; and (b) Hess has extensive experience in acting as agents for courts, bankruptcy estates, and other legal entities holding title to assets for sale. For these reasons, Hess is well qualified and competent to perform the services required by the Trustee as auctioneers.

6

20. Hess has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtor and these chapter 7 cases, entities that are claimants of the Debtors or other parties-in-interest in these cases. Hess has not – except as otherwise disclosed in the Huber Affidavit – and will not represent any such party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, the Debtors' bankruptcy cases, or an auction and sale of the Property.

21. As such, the Trustee believes that Hess is qualified to represent the Trustee as her auctioneers.

### B.  Scope of Employment

22. The services that Hess may be required to render for the Trustee are limited to the following:

    a.    Move and consolidate the Property to a central location, if possible;

    b.    Inventory the Property;

    c.    conduct a simultaneous online and on-site auction of the Property at the Debtors' Office/Fuel Sites;

    d.    conduct an auction and sale of the Property in a commercially reasonable manner and provide the personnel necessary to perform the services required pursuant to this Motion, including, without limitation, the services described below;

    e.    conduct a promotional and marketing campaign for the sale of the Property by auction, including (i) advertising through the use of digital media, including internet publication on industry websites and Hess's websites ("Internet Providers") (ii) preparation of a detailed catalogue listing the Property with photographs that will be posted on the aforementioned internet websites referenced in subsection (i) and presented to bidders at an on-site auction at the Office/Fuel Sites, (iii) soliciting potential buyers from Hess's and the Internet Providers' customer lists; and (iv) may include advertising in national, state and/or local trade journals, as deemed appropriate by Hess;

7

    f.    provide on-line registration and bidding services through the Internet Providers for an auction;

    g.    prepare a preliminary report for all items of Property sold at an auction immediately following the conclusion of an auction, and remit such preliminary report to the Trustee immediately following the conclusion of an auction;

    h.    collect and remit to the Trustee the gross proceeds from the sale of the Property by auction, less Hess's applicable commission and the applicable Buyer's Premium, within twenty-one (21) business days following an auction, together with an itemized accounting setting forth the purchase price of the Property sold;

    i.    perform all other services for the Trustee that may be necessary and proper in connection with the marketing and sale of the Property by auction.

**C.    Compensation and Fee Application**

23.    Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, the compensation to be charged for the proposed services is: (I) an hourly rate of $50 per hour, per person to move, consolidate and inventory the Property; (II) a two percent (2%) commission on the gross sales price for each Office/Fuel Site; (III) a Buyer's Premium for each item of Goods, Fuel Inventory, Equipment, Tanks and Other Assets, and a ten percent (10%) commission on the gross sale price for each item of Goods, Fuel Inventory, Equipment, and Other Assets; (IV) a Buyer's Premium for each Vehicle sold, and a ten percent (10%) commission on the gross sale price for each Vehicle; and (V) Hess's reimbursement for the actual sale expenses, including (a) all labor, travel, advertising, and other expenses for Hess's personnel to prepare for and conduct an auction and conclude the sale of the Property, and (b) all other charges and expenses incurred by Hess to prepare for, conduct and conclude an auction and perform their services under this Motion (collectively, the "Sale Expenses").

24.    The Trustee believes that the compensation arrangement with Hess is reasonable and at market rates, and similar to rates charged to other clients in similar circumstances.

ACTIVE\58226876.v4-6/13/18

### D.     **Disinterestedness and Disclosure of Connections**

25. Except as disclosed in the Huber Affidavit, Hess does not represent any entity having an adverse interest with these cases.

26. To the best of the Trustee's knowledge and except as otherwise disclosed in the Huber Affidavit, the Trustee contends that (a) Hess has no connection with the Debtors, the creditors, the Trustee, the Office of the United States Trustee for the Eastern District of Pennsylvania, any person employed in the Pennsylvania Office of the United States Trustee, or any other party with an actual or potential interest in these cases or their respective attorneys, except as may be set forth in the Huber Affidavit; (b) Hess is not and has not been an investment banker for any outstanding securities of the Debtors; (c) Hess neither holds nor represents any interest adverse to the Debtors or these cases; and (d) Hess is a "disinterested person" as that phrase is defined in section 101(14) of the Bankruptcy Code.

27. The Trustee contends that Hess's employment as auctioneers is necessary and in the best interests of the Trustee, the estates and creditors.

### NOTICE

28. This Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania, (ii) counsel for the Debtors, (iii) Fulton Bank and their counsel, (iv) other secured creditors and their counsel, if known, and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required. The Trustee submits that no other or further notice need be provided.

ACTIVE\58226876.v4-6/13/18

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that the Court enter an order (I) pursuant to 11 U.S.C. §§ 327 and 328, Fed. R. Bankr. P. 2014 and Pa. Bankr. L.R. 2014-1, authorizing the Trustee to retain and employ Hess as her auctioneers in connection with the marketing and sale of the Property by auction pursuant to the terms of this Motion,; and (II) granting such other relief as is just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/  L. Michael G. Menkowitz*

Michael G. Menkowitz, Esquire
Jason C. Manfrey, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jmanfrey@foxrothschild.com
jesseharris@foxrothschild.com

Dated:  June 12, 2018

*Proposed counsel for Christine C. Shubert, Chapter 7 Trustee for the Debtors*