# Exhibit "A"

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., *et al.*,[1] | : | Case No. 18-13774 (REF) |
| | : | (Joint Administration Pending) |
| Debtors. | : | |

### AFFIDAVIT OF SCOTT HUBER

| | | |
|---|---|---|
| STATE OF PENNSYLVANIA | : | |
| | : | SS |
| COUNTY OF LANCASTER | : | |

SCOTT HUBER, being duly sworn according to law, deposes and says:

1.      I am the General Manager of Hess Auction Group with offices at 768 Graystone Road, Manheim, Pennsylvania, and I hold auction licenses throughout the United States.

2.      This Affidavit is being submitted in support of the Motion of Christine C. Shubert (the "Trustee"), the chapter 7 trustee for the estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), for entry of an order authorizing the employment and retention of Hess Auction Group ("Hess"), as her auctioneers pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014, and Pa. Bankr. L.R. 2014-1 (the "Motion"). Unless otherwise stated herein, I have personal knowledge of the facts set forth in this Affidavit.

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) Ranck Plumbing Heating & Air Conditioning, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

3.    On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.

4.    To the best of my knowledge and except as disclosed herein, Hess does not have any connections with the Debtors, their creditors, Fulton Bank ("Fulton") or any other party in interest, or their respective attorneys and accountants, or the United Stated Trustee or any person employed in the Office of the United States Trustee.  Hess does not hold or represent any interest materially adverse to the Debtors' estates and is a disinterested person within the meaning of 11 U.S.C. § 101(14) and 327(a) and (c).

5.    Hess may have in the past represented, may currently represent, and may in the future represent, certain entities that are claimants or potential claimants of the Debtors, or other parties in interest, in matters wholly unrelated to the Debtors and these chapter 7 cases.  Except as set forth herein, I am not aware of Hess performing any services for any such person or entity in connection with these cases, or having any relationship with any such person or entity, their attorneys or accountants that we understand is adverse to the Debtors or the estates.

6.    Additionally, Hess is in the business of selling real property and commercial equipment throughout the United States.  As such, it has sold properties and equipment as an independent contractor to or for entities that may have an interest in purchasing the Property to be auctioned; however, Hess is not representing any of these entities in these chapter 7 cases and will not represent them or any other entity in any manner with respect to the Debtors or the Debtors' property.

7.    Furthermore, Hess appears in cases, proceedings and transactions involving various attorneys, accountants, financial consultants and investment bankers, some of which now, or may in the future, represent or themselves be claimants and parties in interest in these chapter 7 cases.

2

From time to time Hess represents various attorneys, accountants, financial consultants and investment bankers, some of which now or may in the future, represent or be claimants or parties in interest in these chapter 7 cases. At this time, Hess is not aware of such representations except as may be noted above.

8.    Based upon the foregoing, and except as disclosed herein, Hess is a "disinterested person" as that term is defined in 11 U.S.C. §101(14) in that Hess:

      a.    is not a creditor, equity security holder, or insider of the Debtors;

      b.    is not and was not, investment bankers for any outstanding security of the Debtors;

      c.    has not been, within three years before the date of the filing of the Debtors' chapter 7 petition (i) an investment banker of the Debtors, or (ii) an attorney for such an investment banker in connection with the offer, sale, or issuance of security of the Debtors;

      d.    is not, and was not within two (2) years before the date of filing of the Debtors' chapter 7 petition, a director, officer, or employee of the Debtors; and

      e.    does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors or any investment banker specified in subparagraph (b) of this paragraph, or for any other reason.

9.    In addition, Hess does not hold or represent any interest adverse to the Debtors' estate, except as set forth herein.

10.    Subject to Court approval in accordance with Section 330 of the Bankruptcy Code, compensation will be payable to Hess for their proposed services as follows: (I) an hourly rate of $50 per hour, per person to move, consolidate and inventory the Property; (II) a two percent (2%) commission on the gross sales price for each Office/Fuel Site; (III) a Buyer's Premium (as defined in the Motion) for each item of Goods, Fuel Inventory, Equipment, Tanks and Other Assets, and a ten percent (10%) commission on the gross sale price for each item of Goods, Fuel Inventory,

3

Equipment, and Other Assets; (IV) a Buyer's Premium for each Vehicle, and a ten percent (10%)
commission on the gross sale price for each Vehicle; and (V) Hess's reimbursement for the actual
sale expenses, including (a) all labor, travel, and other expenses for Hess's personnel to prepare
for and conduct an auction and conclude the sale of the Property, and (b) all other charges and
expenses incurred by Hess to prepare for, conduct and conclude an auction and perform their
services under this Motion (collectively, the "Sale Expenses").

      11.    No promises have been rendered by or to me as to compensation in connection with
these cases other than in accordance with the provisions of the Bankruptcy Code.  Hess has no
agreement with any other person (other than customary arrangements among professionals of
Hess) for the sharing of compensation to be received by Hess in connection with services to be
rendered.

      12.    To the extent that Hess discovers any connection with any Interested Party or enters
into any new relationship with any Interested Party, Hess will promptly supplement its disclosure
to the Court.

      13.    I reserve the right to supplement this Affidavit should it discover further pertinent
relationships that require disclosure in these cases.

      14.    I declare under penalty that the foregoing statements made by me are true.  I am
aware that if any of the foregoing statements made by me are willfully false, I am subject to
punishment.

ACTIVE\58235935.v3-6/13/18

Scott Huber
General Manager of Hess Auction Group

Sworn and ascribed to me on
this _15_ day of June, 2018

/s/ _____
, Notary Public
Lancaster County, Pennsylvania
My commission expires on

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
CARRIE J. HESS, Notary Public
City of Lancaster, Lancaster County
My Commission Expires December 01, 2020

5

ACTIVE\58235935.v3-6/13/18