# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: <br><br> WORLEY & OBETZ, INC., *et al.*,[1] <br><br> Debtors. <br><br> FULTON BANK, N.A., <br><br> Plaintiff, <br><br> v. <br><br> CHRISTINE C. SHUBERT, solely in her capacity as Chapter 7 Trustee, JEFFREY B. LYONS, and JULIE H. LYONS, <br><br> Defendants. | Chapter 7 <br><br> Case No. 18-13774 (REF) <br> (Jointly Administered) <br><br> Adversary No: _____ <br><br><br> **ADVERSARY COMPLAINT FILED BY FULTON BANK, N.A. FOR INTERPLEADER** |

## VERIFIED COMPLAINT FOR INTERPLEADER

Plaintiff Fulton Bank, N.A. ("Plaintiff" or "Fulton Bank") hereby brings this interpleader action against Defendants Christine C. Shubert, solely in her capacity as the Chapter 7 Trustee appointed in the above-captioned chapter 7 bankruptcy case (the "Chapter 7 Trustee"), Jeffrey B. Lyons ("Mr. Lyons"), and Julie H. Lyons ("Mrs. Lyons" and together with Mr. Lyons, "Mr. & Mrs. Lyons"; the Trustee and Mr. & Mrs. Lyons are sometimes collectively referred to herein as the "Defendants").

---

[1] The Debtors in these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF);(ii) Americomfort, Inc. (7605) (Case No. 18 -13775-REF); (iii) Ranck Plumbing Heating & Air Conditioning, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777- REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No 18-13780- REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF ); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

**PRELIMINARY STATEMENT**

Debtor Worley & Obetz, Inc. ("W&O") filed for chapter 7 bankruptcy after its CEO, Mr. Lyons, and others working with Mr. Lyons, perpetrated a massive bank fraud against Fulton Bank, whereby Fulton Bank extended millions of dollars of loans to W&O and its affiliates over the course of at least the past four years based on fake accounts receivable fraudulently reported by Mr. Lyons to Fulton Bank.  Upon information and belief, over that same time period, Mr. Lyons received directly or indirectly in excess of $1 million of transfers from W&O.  Fulton Bank has commenced this interpleader action because there are competing claims to the funds at issue.  Mr. & Mrs. Lyons have attempted to withdraw a certificate of deposit from an account that was administratively frozen by Fulton Bank on account of the bank fraud perpetrated by Mr. Lyons.  The Chapter 7 Trustee has sent formal notice to Fulton Bank that the estate of W&O has an interest in such funds.  As a result of the competing and adverse claims to the funds, Fulton Bank seeks to deposit such funds into the Court's registry until the parties' respective rights to the funds are determined.

**THE PARTIES**

1.     Plaintiff Fulton Bank N.A. is a national banking association.  Fulton Bank is registered to do business in Pennsylvania.  Fulton Bank has a corporate headquarters located at One Penn Square, Lancaster, Pennsylvania 17604.

2.     Defendant Christine C. Shubert is the Chapter 7 Trustee appointed for the estate of W&O in its chapter 7 bankruptcy case pending before this Court (Case No. 18-13774-REF).

3.     Defendant Jeffrey B. Lyons is an adult individual residing at 2601 Old Orchard Road, Lancaster, Pennsylvania 17601.  Mr. Lyons is married to Mrs. Lyons.  Mr. Lyons was the Chief Executive Officer of W&O until May 15, 2018, when he was terminated for cause.

4. Defendant Julie H. Lyons is an adult individual residing at 2601 Old Orchard Road, Lancaster, Pennsylvania 17601. Mrs. Lyons is married to Mr. Lyons.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and 1334 because this is an action involving interests of a debtor's estate in property and claims arising under, arising in, and/or related to a case under the Bankruptcy Code.

6. This action is a core proceeding pursuant to 28 U.S.C. § 157(A), (E), (H), and (O).

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8. Fulton Bank has commenced this action pursuant to 28 U.S.C. § 1335 and Rules 7001 and 7022 of the Federal Rules of Bankruptcy Procedure.

## FACTUAL BACKGROUND

9. On or about January 7, 2009, Mr. & Mrs. Lyons established a certificate of deposit (the "CD") and related account bearing account number XXX-XXX9360 at Fulton Bank (the "Account").

10. Title of the CD and the Account is jointly held by Mr. & Mrs. Lyons.

11. As of July 16, 2018, the positive balance of the CD on deposit in the Account was $155,123.87.

12. On May 21, 2018, contemporaneously with becoming aware of the alleged bank fraud perpetrated by Mr. Lyons, Fulton Bank administratively froze the Account due to the same.

13. Thereafter, Mrs. Lyons periodically attempted to withdraw some or all of the funds on deposit in the Account.

14. Such withdrawal requests were denied by Fulton Bank on account of the administrative freeze.

15.	W&O filed for chapter 7 bankruptcy on June 6, 2018.

16.	On July 13, 2018, counsel to the Chapter 7 Trustee sent a letter to Fulton Bank stating that: "the Trustee believes she has significant claims against Mr. and Mrs. Lyons relating to, *inter alia*, fraudulent transfers made from the Company.  As such, we request that the CD be frozen and not remitted to Mrs. Lyons pending the disposition of these claims."

17.	A true and correct copy of such letter is attached hereto, and incorporated herein by reference, as Exhibit A.

18.	On July 16, 2018, Mrs. Lyons filed a writ of summons against Fulton Financial Corporation d/b/a Fulton Bank in the Court of Common Pleas of Lancaster County, Pennsylvania (Case No. 18-05568) (the "State Court Action").

19.	The writ of summons does not identify any specific claims being asserted by Mrs. Lyons, and a complaint has not yet been filed in the State Court Action.

20.	The purpose of the State Court Action commenced by Mrs. Lyons – but not Mr. Lyons – is not known to Fulton Bank.

21.	A true and correct copy of the writ of summons filed in the State Court Action is attached hereto, and incorporated herein by reference, as Exhibit B.

22.	By reason of the foregoing, Mr. & Mrs. Lyons have asserted claims to and interests in the CD on deposit in the Account, and the Chapter 7 Trustee has asserted claims to and interests in the CD on deposit in the Account.

23.	Due to these conflicting and adverse interests and claims, Fulton Bank is in great doubt as to whether one or more of Defendants is entitled to the CD on deposit in the Account or any portion of the funds held in the Account.

24. At this time, Fulton Bank asserts no claim to the CD on deposit in the Account and seeks to deposit the positive balance of the funds on deposit in the Account into the registry of the Court.

25. Fulton Bank denies any liability to any of the Defendants related to the CD and the Account.

## COUNT 1 – INTERPLEADER
## 28 U.S.C. § 1335 and Rule 7022 Fed. R. Bankr. P.

26. The preceding paragraphs are incorporated by reference as if fully set forth herein.

27. The positive balance of the funds on deposit in the Account has a value of more than $500.

28. The Defendants are claiming competing and adverse claims to and interests in the funds on deposit in the Account.

29. If Fulton Bank were to make any transfer of the funds on deposit in the account to any Defendant, the competing claims and interests of the Defendants with respect to such funds may expose Fulton Bank to the risk of potential double or multiple liabilities.

30. Accordingly, Fulton Bank is unable to make any transfer of the funds on deposit in the Account to any Defendant without this Court's determination of the Defendants' respective claims to and interests in such funds.

31. Fulton Bank is willing to deposit the positive balance of the funds on deposit in the Account into the Court's registry until the Defendants' respective rights to such funds are determined.

WHEREFORE, Fulton Bank respectfully requests that the Court enter judgment:

a. Directing Fulton Bank to interplead the positive balance of the funds on deposit in the Account into the Court's registry;

b. Requiring all Defendants (and all other individuals or entities) claiming a right to any of such funds to appear in this adversary proceeding and assert their respective rights in, or claims to, such funds;

c. Forever barring and precluding all Defendants (and all other individuals or entities) with notice of this adversary proceeding and who fail to appear in this adversary proceeding from asserting any claim against Fulton Bank with respect to the CD or the Account;

d. Restraining all Defendants (and all other interested persons) from instituting or continuing to pursue any and all claims and proceedings in any court or other tribunal against Fulton Bank or any of its agents or affiliates relating to, or that may have any conceivable effect upon, any alleged interest (whether beneficial, legal, or otherwise) in, or the allocation or recovery of, any or all of the CD or the Account, including, without limitation, if applicable, the action commenced by Julie H. Lyons against Fulton Financial Corporation d/b/a Fulton Bank in the Court of Common Pleas of Lancaster County, Pennsylvania (Case No. 18-05568);

e. Releasing and discharging Fulton Bank from any and all claims and liability relating to the CD or the Account or any right to, or interest in (beneficial, legal, or otherwise), the CD or the Account, including, without limitation, claims of or liability to (i) the Defendants in this adversary proceeding, (ii) any other person or entity claiming a right to or interest in the CD or the Account, and (iii) all other persons or entities claiming by, through, or with any of the foregoing; and

f. Granting Fulton Bank such further relief as is appropriate.

- 7 -

| | |
|---|---|
| Dated: July 17, 2018<br>Philadelphia, Pennsylvania | Respectfully submitted,<br><br>REED SMITH, LLP<br><br>By: /s/ *Brian M. Schenker*<br>Derek J. Baker<br>Brian M. Schenker<br>REED SMITH LLP<br>Three Logan Square<br>1717 Arch Street, Suite 3100<br>Philadelphia, PA 19103<br>Telephone:  215-851-8100<br>dbaker@reedsmith.com<br>bschenker@reedsmith.com<br><br>*Counsel for Plaintiff Fulton Bank, N.A.* |