**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., *et al.*,[1] | : | Case No. 18-13774 (REF) |
| | : | (Jointly Administered) |
| Debtors. | : | **Hearing Date: March 7, 2019 at 9:30 a.m.** |
| | : | **Obj. Deadline: February 28, 2019** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN
ORDER PURSUANT TO 11 U.S.C. §§ 105(a), 363(b) AND 365 (A)
AUTHORIZING THE TRUSTEE TO SELL CERTAIN ASSETS
FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND
ENCUMBRANCES NOT SPECIFICALLY ASSUMED; (B) APPROVING
AGREEMENT OF SALE AND ASSUMPTION AND ASSIGNMENT OF OTHER
AGREEMENTS RELATED THERETO; (C) AUTHORIZING TRUSTEE TO
CONSUMMATE ALL TRANSACTIONS CONTEMPLATED BY SUCH
<u>AGREEMENTS; AND (D) GRANTING RELATED RELIEF</u>**

Christine C. Shubert (the "<u>Trustee</u>"), the Chapter 7 Trustee for the estates of Worley &

Obetz, Inc., *et al.* (the "<u>Debtors</u>"), by and through her counsel, Fox Rothschild LLP, respectfully

requests the entry of an order pursuant to sections 105, 363, and 365 of Title 11 of the United

States Code (the "<u>Bankruptcy Code</u>") and Rules 2002, 6004, and 6006 of the Federal Rules of

Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"): (a) authorizing the Trustee to sell certain assets

relating to Debtor Worley & Obetz, Inc. ("<u>Debtor W&O</u>"), free and clear of all liens, claims,

interests, and encumbrances not specifically assumed; (b) approving an Asset Purchase Agreement

(the "<u>APA</u>")[2] and assumption and assignment of other agreements related thereto; (c) authorizing

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

[2] A true and correct copy of the APA is attached hereto as **Exhibit "A"** and incorporated by reference herein.

the Trustee to consummate all transactions contemplated by such agreements; and (d) granting

related relief (the "Motion").  In support of this Motion, the Trustee represents as follows:

## JURISDICTION

1.      The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are sections 105, 363(b), and

365 of title 11 of the Bankruptcy Code.

## BACKGROUND

### A.      Bankruptcy Procedural Background

4.      On  June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition

for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the

Eastern District of Pennsylvania.

5.      On the same day, the Office of the United States Trustee appointed the Trustee as

chapter 7 trustee, which appointment remains in effect.

6.      By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for

procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to

Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case

No. 18-13774 (REF) (the "Joint Administration Order").  [D.I. 75].

### B.      The Debtors' Businesses and Description of Assets Subject to Proposed Sale

7.      Prior to the Petition Date, as more fully described in the *Chapter 7 Trustee's Motion*

*for Entry of an Order Pursuant to 11 U.S.C. §§ 105(a) and 363(b) Authorizing the Trustee to Use*

Active\86171288.v2-2/5/19

*Property of the Estates to Pay Wages, Costs, and Other Post-Petition Operating Expenses Necessary to Preserve and Maintain the Debtors' Assets During the Sale Process* (the "363 Motion"), certain Debtors operated as total energy providers, and provided energy products and services to their commercial and residential clients, including but not limited to, the following:

    a.  Fuel, gasoline, biodiesel, heating oil, kerosene, naptha, propane, and other forms of renewable energy;

    b.  Electricity and natural gas;

    c.  HVAC installation, repair, maintenance, and service; and

    d.  Plumbing system installation, repair and maintenance/

8.    Additionally, as more fully described in the 363 Motion, certain Debtors operated as energy wholesalers to retail distributors operating in the Mid-Atlantic and New England markets, and provided certain energy products and services to their retail fuel distributors, fuel stations, commercial clients, and commercial and residential clients of Debtor W&O, including but not limited to, the following:

    a.  Ethanol and biodiesel inventory supply and delivery to retail fuel distributors and commercial clients;

    b.  Hedging and marketing services to fuel distributor customers;

    c.  Electricity and natural gas plans to commercial and residential clients;

    d.  Delivery and supply to Debtor W&O commercial and residential customers of Amerigreen fuel, biodiesel, biofuels, petroleum, and diesel fuels; and

    e.  Operate, supply and delivery of Amerigreen energy products to Amerigreen stations.

3

9.      The estate of Debtor W&O has rights, title, and/or interest in and to certain real property and improvements thereon, fuel stations, and fuel distribution sites located at: (1) 30 Orchard Road, Mount Joy, PA  17522; (2) 746 Rothsville Road, Lititz, PA  17543; (3) 101 East Cherry Street, Elizabethtown, PA 17022; and (4) 202 Greenfield Road, Lancaster, PA  17601 (the "Fuel Sites").

10.     With respect to the Fuel Site located at 101 East Cherry Street, Elizabethtown, PA 17022, Debtor W&O, as Lessee, and Lime Ridge Farm Properties, LP, as Lessor, entered into that certain Lease Agreement, dated June 1, 2014 (the "Lease").

11.     The estate of Debtor W&O also owns certain fuel, gasoline, ethanol, biodiesel, heating oil, kerosene, naptha, propane, and other renewable energy inventory (collectively, the "Fuel Inventory") that are being stored in above ground and underground tanks at the Fuel Sites (the "Tanks").

12.     Further, the estate of Debtor W&O has interests in a 2014 Ram Promaster, VIN No. 3C6TRVCD6EE123628, and a 2002 Dodge Van, VIN No. 2B7JB21Y92K110755, which the Debtors' used pre-petition in conjunction with operating the Fuel Sites (the "Vehicles", and together with the Fuel Sites, Lease, Fuel Inventory, and the Tanks, the "Property").

13.     Some of the Debtor W&O's assets are subject to a security interest and lien in favor of Fulton Bank, N.A. ("Fulton Bank").

## TERMS OF PROPOSED SALE

14.     At present, Jerome H. Rhoads, Inc. (the "Purchaser"), has provided an executed APA,[3] which contemplates a sale of the Debtors' interests in the Property, as well as certain

---

[3] Terms not otherwise defined herein shall have the same meaning ascribed to them in the APA.

intangible property, including rights to certain accounts receivable associated with the Fuel Sites (the "Acquired Assets").

15.     As set forth in the APA, the purchase price for the sale of the Acquired Assets is $195,000.00. In addition, the APA provides the Purchaser with a right of first offer and right of first refusal to purchase the Fuel Site located at 202 Greenfield Road, Lancaster, PA  17601 (the "Greenfield Fuel Site"), provided, however, that Purchaser's offer for the Greenfield Fuel Site is at least seven percent (7%) more than the offer of any third party, and provided further that such right shall only vest if the Trustee ultimately receives ownership of the Greenfield Fuel Site.

16.     The APA and the sale of the Acquired Assets to Purchaser is subject to Bankruptcy Court approval.

17.     Pursuant to the terms of the APA, closing on the sale transaction set forth in the APA will occur immediately following entry of the Approval Order.

18.     The Acquired Assets are being sold in an "as is" condition, on a "where is" basis, and are without recourse, representation, or warranty of any kind to or by the Trustee, whether express, implied, or imposed by law, which recourse, representations and warranties are thereby expressly disclaimed by Purchaser.

19.     The sale of the Acquired Assets is subject to higher and better offers up to the time of the hearing on this Motion.

## **RELIEF REQUESTED**

20.     The Trustee respectfully requests that this Court enter the Approval Order authorizing the Trustee to sell, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 6004 and free and clear of liens (as defined in the APA), claims, interests, and encumbrances

not specifically assumed, the Acquired Assets to the Purchaser pursuant to the APA; and to assume

and assign, pursuant to section 365 of the Bankruptcy Code and Bankruptcy Rule 6006, the Lease.

21.    Consistent with her fiduciary obligations, the Trustee and Purchaser recognize that

this sale is subject to higher and better offers that may materialize prior to the hearing on this

Motion.

## **BASIS FOR RELIEF**

### A.    **The Trustee Should Be Authorized to Sell the Debtor W&O's Acquired Assets Pursuant to Section 363(b) of the Bankruptcy Code**

22.    This Court should authorize the Trustee to sell Debtor W&O's Acquired Assets

pursuant to the terms of the APA.

23.    Section 363(b) of the Bankruptcy Code provides that a Trustee "after notice and a

hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate."

See 11 U.S.C. § 363(b)(1).  To approve a use, sale or lease, other than in the ordinary course of

business, the Court must find "some articulated business justification."  See In re Martin (Myers

v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Abbotts Dairies of Pennsylvania. Inc., 788 F. 2d

143 (3d Cir. 1986) (requiring good faith purchasing); In re Delaware and Hudson Rv. Co., 124

B.R. 169 (D. Del. 1991) (concluding that requirements for sale outside ordinary course of business

included sound business purpose, adequate and reasonable notice, fair and reasonable price, and

good faith purchaser).

24.    Although 11 U.S.C. § 363(b) does not specify a standard for determining when it

is appropriate for a court to authorize the use, sale or lease of property of the estate, courts have

required that such use, sale or lease be based upon a trustee's sound business judgment.  See, e.g.,

In re Decora Indus., Inc., 2002 WL 32332749, *2 (D. Del. May 20, 2002); In re Delaware &

Hudson Ry. Co., 124 B.R. at 176; In re Montgomery Ward Holding Corp., 242 B.R. 147, 153

(Bankr. D. Del. 1999).  A trustee's showing of sound business justification, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons."  In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

25.    Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of the debtor's assets outside of the ordinary course of business.  See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

26.    The Trustee, through the exercise of her business judgment, has determined that the sale of the Acquired Assets to Purchaser under the terms of the APA, is in the best interests of the Debtors, their creditors, and the bankruptcy estates.  Having marketed the Acquired Assets since the beginning of these cases, Purchaser's offer is the highest and best offer received for the Acquired Assets, and in the Trustee's business judgment, is reasonable and represents the fair market value of Debtor W&O's Acquired Assets.  Additionally, Purchaser's offer is subject to higher and better offers received up to or at the time of the hearing on this Motion.  Given that the sale is subject to higher and better offers, and notice to potential bidders is being provided, the Trustee expects that she will achieve the highest and best results from this sale.  If the sale of the Acquired Assets is not completed to the Purchaser, or to the highest bidder at the hearing on this Motion, the value of the Acquired Assets may depreciate.  In light of the aforementioned, the Trustee believes that the sale of the Acquired Assets to Purchaser is the best option to maximize the value of the proceeds from the sale of the Acquired Assets.  Accordingly, in the exercise of the Trustee's business judgment, the Trustee submits that the sale of the Acquired Assets to Purchaser under the terms of the APA should be approved.

**B.      The Trustee Should be Authorized to Sell the Acquired Assets Free and Clear of Liens Pursuant to Section 363(f) of the Bankruptcy Code.**

27.      The Trustee respectfully submits that it is appropriate to sell the Acquired Assets to Purchaser, free and clear of all liens, claims, interests and encumbrances pursuant to 11 U.S.C. § 363(f), with any such liens, claims, interests or encumbrances attaching to the sale proceeds to the same extent, validity, and priority prior to the sale.

28.      Pursuant to section 363(f) of the Bankruptcy Code, the Court may authorize the sale of assets free and clear of existing liens, claims, interests and encumbrances if: (a) applicable non-bankruptcy law permits the sale of such property free and clear of such interest; (b) the entity holding the lien, claim or encumbrance consents to the proposed sale; (c) such interest is a lien and the price at which such property is sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled in a legal or equitable proceeding to accept a money satisfaction of such interest.  11 U.S.C. § 363(f).

29.      The Trustee proposes to sell the Acquired Assets to Purchaser for payment of the Purchase Price, which the Trustee proposes represents the fair market value of Debtor W&O's right, title, and interest in the Purchased Assets.  Additionally, Fulton Bank has the only lien on the Acquired Assets, and has consented to the sale within the meaning of section 363(f)(2) of the Bankruptcy Code.  As such, the requirements of section 363(f) of the Bankruptcy Code are satisfied.

**C.      The Trustee Should be Authorized to Assume and Assign the Lease Pursuant to Section 365 of the Bankruptcy Code.**

30.      To the extent the Lease is still valid, the Trustee should be authorized to assume the Lease and assign it to the Purchaser pursuant to the terms of the APA.

8

31.    Section 365 of the Bankruptcy Code authorizes a debtor-in-possession to assume an executory contract subject to court approval.  11 U.S.C. § 365(a).  The Bankruptcy Code further provides that if a default in an executory contract has occurred, the debtor can assume the contract if the debtor:

     a.    cures, or provides adequate assurance that the trustee will promptly cure, such default . . .;

     b.    compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract . . . for any actual pecuniary loss to such party resulting from such default; and

     c.    provides adequate assurance of future performance under such contract . . .

11 U.S.C. § 365(b).

32.    A trustee may assign an executory contract if: (a) the debtor assumes the contract or lease in accordance with the provisions of section 365(b); and (b) the debtor provides adequate assurance of future performance by the assignee.  11 U.S.C. § 365(f)(2).

33.    Although the meaning of "adequate assurance of future performance" depends on the facts and circumstances of each case, it should nevertheless be given "practical, pragmatic construction."  Carlisle Homes, Inc. v. Arrari (In re Carlisle Homes, Inc.), 103 B.R. 524, 538 (Bankr. D.N.J. 1989); see also In re Natco Indus., Inc., 54 B.R. 436, 440 (Bankr. S.D.N.Y. 1985) (finding that adequate assurance of future performance does not mean absolute assurance that debtor will thrive and pay rent); In re Bon Ton Rest. & Pastry Shop, Inc., 53 B.R. 789, 803 (Bankr. N.D. Ill. 1985) ("Although no single solution will satisfy every case, the required assurance will fall considerably short of an absolute guarantee of performance").

34.    In this case, Purchaser is assuming the liability under the Lease.  Further, the Purchaser has demonstrated adequate assurance of future performance under the Lease.  Purchaser is a well known oil and gas provider operating in the same geographic location as the Debtors and

Active\86171288.v2-2/5/19

has the wherewithal to perform under the Lease.[4]  Accordingly, because the Trustee satisfies the relevant requirements of section 365, this Court should authorize the Trustee to assume the Lease and assign it to the Purchaser.

**D.      The Purchaser Represents a Good Faith Purchaser Under Section 363(m) of the Bankruptcy Code.**

35.      Section 363(m) of the Bankruptcy Code provides that a reversal or modification on appeal of an authorized sale of property under section 363(b) will not affect the validity of such sale to a good faith purchaser.  11 U.S.C. § 363(m).  In this case, as noted, the Purchaser is an entity unaffiliated with the Trustee, the Debtors, its officers, and/or directors/members.  Further, the APA has resulted from good faith negotiations between the Trustee and the Purchaser. Therefore, the Purchaser is entitled to the protection of section 363(m) upon approval of the APA.

**E.      Waiver Of Fourteen-Day Stay Period.**

36.      The Trustee requests that the Court waive the requirements under Fed. R. Bankr. P. 6004(h), so that the sale of the Acquired Assets to Purchaser may close immediately rather than being subject to the fourteen (14)-day waiting period outlined in Fed. R. Bankr. P. 6004(h).

37.      Fed. R. Bankr. P. 6004(h) provides that an order authorizing the "use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."  Fed. R. Bankr. P. 6004(h).

38.      The purpose of Fed. R. Bankr. P. 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented.  See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h).  Although Fed. R. Bankr. P. 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay

---

[4] Purchaser reserves the right to supplement the record to demonstrate that the requirement of "adequate assurance of future performance" is satisfied.

period, COLLIER suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY, ¶ [6004.11], 6004-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). COLLIER further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party.  Id.

39.     Therefore, the Trustee hereby requests that the Court waive the 14-day stay period under Fed. R. Bankr. P. 6004(h).

## NOTICE

40.     This Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and their counsel; (iv) other secured creditors and their counsel, if known; (v) all parties known to have an interest in the assets being sold; (vi) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002; and (x) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265].  The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully request that the Court grant the Motion and enter an Order, substantially in the form attached hereto:

a.     Authorizing the Trustee to consummate the sale of the Acquired Assets to Jerome H. Rhoads, Inc., in accordance with the terms set forth in the APA,

11

for consideration of the Purchase Price, free and clear of liens, claims, and

encumbrances pursuant to 11 U.S.C. §§ 105 and 363(b), (f), and (m), and

Fed. R. Bankr. P. 6004 and 6006;

b.       Waving the fourteen (14) day stay provided for in Fed. R. Bankr. P. 6004(h);

and

c.       Granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/  Michael G. Menkowitz*

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th  Floor
Philadelphia, PA  19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated:  February 5, 2019                    *Counsel for Christine C. Shubert, Chapter 7*
*Trustee for the Debtors*