# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., *et al.*,[1] | : | Case No. 18-13774 (REF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

## MOTION OF CHAPTER 7 TRUSTEE FOR ORDER APPROVING STIPULATION BY AND AMONG THE CHAPTER 7 TRUSTEE, RBF PORT NECHES, LLC AND RENEWABLE BIOFUELS, LLC

Christine C. Shubert (the "Trustee"), the chapter 7 trustee for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her attorneys, Fox Rothschild LLP, respectfully requests the entry of an Order approving the Stipulation (the "Stipulation") by and among the Trustee, RBF Port Neches, LLC and Renewable Biofuels, LLC (collectively, "RBF", and together with the Trustee, the "Parties"), pursuant to Fed. R. Bankr. P. 9019 (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc.. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

3.     The statutory predicate for the relief sought herein is Fed. R. Bankr. P. 9019.

## BACKGROUND

A.     **Bankruptcy Procedural Background**

4.     On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5.     On June 6, 2018, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

6.     By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF) (the "Joint Administration Order"). [D.I. 75].

B.     **Amounts Due and Owing to Amerigreen Energy from RBF**

7.     Prior to the Petition Date, that certain General Terms and Conditions for Biodiesel Purchases and Sales by Rail/Tank/Truck/Barge/Vessel (the "Contract") was entered into by and between Amerigreen Energy ("Amerigreen Energy") and RBF, pursuant to which (i) Amerigreen Energy engaged RBF to provide credit, storage, biodiesel and other services to or on behalf of Amerigreen Energy, and (ii) RBF would purchase certain blended biodiesel fuel from Amerigreen Energy.

8.     Under the Contract, RBF was obligated to pay Amerigreen Energy, fifty percent (50%) of any federal tax credits that it received from RBF's purchase of blended biodiesel from Amerigreen Energy.

2

9. As of the Petition Date, and pursuant to the Contract, $786,079.00 was due and owing from RBF to Amerigreen Energy, on account of federal tax credits arising from RBF's purchase of 1,572,158 gallons of certain blended biodiesel from Amerigreen Energy (the "Amerigreen Tax Credit Receivable").

10. The Trustee has made a demand against RBF for turnover and payment of the Amerigreen Tax Credit Receivable to the Amerigreen Energy's estate (the "Amerigreen Tax Credit Receivable Claim").

### C. Amounts Due and Owing to RBF from Amerigreen Energy

11. With respect to amounts due and owing to RBF from Amerigreen Energy, pursuant to the Contract, as of the Petition Date, the sum of $697,145.40 was due and owing to RBF from Amerigreen Energy (the "RBF Amerigreen Claim").

12. In Amerigreen Energy's bankruptcy case, RBF filed a Proof of Claim, Proof of Claim No. 4-1, as amended by Proof of Claim No. 4-2, asserting a secured claim in the amount of the RBF Amerigreen Claim (the "RBF Proof of Claim").

13. RBF has asserted, pursuant to 11 U.S.C. § 553, the right to setoff the amount of the RBF Amerigreen Claim against the amount of the Amerigreen Tax Credit Receivable.

### D. Negotiation of the Stipulation Between the Parties

14. In order to facilitate payment of the Amerigreen Tax Credit Receivable after setoff of the RBF Amerigreen Claim owed to RBF, the Parties entered into arms-length negotiations to resolve these matters.

15. The Parties seek to settle and resolve any and all disputes by and between the Parties as to the Contract, the Amerigreen Tax Credit Receivable, the Amerigreen Tax Credit Receivable

3

Claim, the RBF Amerigreen Claim, and the RBF Proof of Claim on the terms set forth in the Stipulation attached hereto as **Exhibit "A"** and incorporated by reference herein.

### E.  Salient Provisions of the Stipulation

16. The Stipulation is subject to the Bankruptcy Court's entry of an Order approving the Stipulation between the Parties pursuant to Fed. R. Bankr. P. 9019.

17. Pursuant to the terms of the Stipulation, RBF shall be permitted to set off the amount of the RBF Amerigreen Claim of $697,145.40 against the Amerigreen Tax Credit Receivable of $786,079.00, thereby reducing the net amount of the Amerigreen Tax Credit Receivable to $88,933.60 (the "Amerigreen Net Tax Credit Receivable").

18. Pursuant to the terms of the Stipulation, in full resolution, release, and satisfaction of the Amerigreen Tax Credit Receivable, the Amerigreen Tax Credit Receivable Claim, the RBF Amerigreen Claim, the RBF Proof of Claim, and the Contract, RBF shall pay, or cause to be paid, to the Truste the sum of $88,933.60 USD (the "Settlement Payment") on account of the Amerigreen Net Tax Credit Receivable, within fourteen (14) days of the Effective Date of this Stipulation.

19. Additionally, pursuant to the terms of the Stipulation, upon receipt of the Settlement Payment, and subject to the occurrence of the Effective Date, the Trustee, in her capacity as the chapter 7 trustee for the bankruptcy estates of the Debtors, and her successors, assigns, designees, attorneys, accountants, and financial advisors (the "Trustee Parties") irrevocably release, acquit and forever discharge RBF, and any and all of their parents, successors, assigns, designees, subsidiaries, employees, shareholders, attorneys, accountants, financial advisors, and officers and directors, (the "RBF Parties") from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which the Trustee

4

Parties have, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the RBF Parties including, without limitation, the Contract, the Amerigreen Tax Credit Receivable, the Amerigreen Tax Credit Receivable Claim, the RBF Amerigreen Claim, the RBF Proof of Claim, and all other disputes arising out of or related to the Contract; provided, however, nothing in the Stipulation shall be deemed to (i) release, waive or discharge any obligation of the RBF Parties under the Stipulation, or (ii) release, waive, or discharge any claim, cause of action, or right to recover or avoid transfers or liens under chapter 5 of the Bankruptcy Code or otherwise, including 11 U.S.C. §§ 544, 545, 547, 548, 549, 550, 551, or 553, or otherwise under similar or related state or federal statutes and common law, including, without limitation, all preference, fraudulent conveyance, fraudulent transfer, and/or other similar avoidance action claims, rights, or causes of action, which the Trustee Parties have, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the RBF Parties (collectively, the "Avoidance Claims").

20.    Furthermore, under the terms of the Stipulation, upon the Trustee's receipt of the Settlement Payment, and subject to the occurrence of the Effective Date, the RBF Parties irrevocably release, acquit and forever discharge the Trustee Parties and the Debtors' estates, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which the RBF Parties have, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the Trustee Parties or the Debtors' estates including, without limitation, the Contract, the Amerigreen Tax Credit Receivable, the Amerigreen Tax Credit Receivable Claim, the RBF Amerigreen Claim, the RBF Proof of Claim, and any and all rights that the RBF Parties or their assigns, successors, or designees have or may have to file a proof of claim against

5

the Debtors' estates under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtors' estates with respect to the Settlement Payment, and all other disputes arising out of or related to the Contract; <u>provided</u>, <u>however</u>, nothing in the Stipulation shall be deemed to: (i) release, waive, or discharge any obligation of the Trustee Parties under this Stipulation; (ii) release, waive, or discharge any rights that the RBF Parties or their assigns, successors, or designees have or may have to file a proof of claim against the estates under Section 502(h) of the Bankruptcy Code, or otherwise receive payment from the Debtors' estates, on account of amounts recovered from RBF and paid to the Debtors' estates in connection with any Avoidance Action against RBF; or (iii) release, waive or discharge any defenses that the RBF Parties have or may have to the Avoidance Claims.

21. Within fourteen (14) days after the Effective Date of this Stipulation, RBF shall withdraw RBF's Proof of Claim, with prejudice.

## RELIEF REQUESTED

22. By and through this Motion, the Trustee seeks entry of an order authorizing and approving the Stipulation pursuant to Fed. R. Bankr. P. 9019.

## BASIS FOR RELIEF REQUESTED

23. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); <u>see also</u> <u>Myers v. Martin (In re Martin)</u>, 91 F.3d 389, 393 (3d Cir. 1996).

24. The Trustee is obligated to maximize the value of the estates and make her decisions in the best interests of all of the creditors of the estates. <u>See</u> <u>Martin</u>, 91 F.3d at 394. The Trustee believes, in her business judgment, that entry into the Stipulation is in the best interests of

the Debtors' estates and all of their creditors. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See <u>Martin</u>, 91 F.3d at 395.

25. In determining whether a stipulation of settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." <u>Martin</u>, 91 F.3d at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." <u>Id.</u> (citation omitted).

26. The Trustee, through her professionals, and RBF, through its professionals, engaged in good-faith, arms-length settlement negotiations in entering into the Stipulation.

27. The Stipulation should be approved because (a) sound business justification supports it, (b) it is reasonable, and (c) the four (4) <u>Martin</u> factors weigh in favor of approval. Absent entry of an order approving the Stipulation, the Trustee would be significantly delayed in recovering the Amerigreen Net Tax Credit Receivable. RBF has agreed to pay the full amount of the Amerigreen Tax Credit Receivable, net of the RBF Amerigreen Claim for amounts due and owing to RBF from Amerigreen Energy.

28. The Trustee submits, in the exercise of her business judgment, that the Stipulation proposed herein is reasonable, will maximize the benefit to the Debtors' estates with the least cost, and will increase the amount of proceeds that may be distributed to the estates' creditors. The Trustee believes that the paramount interest of the creditors favors approval of the Stipulation.

29. Therefore, based on the foregoing, the Court's approval of the Stipulation is appropriate and in the best interests of the Debtors' estates and their creditors.

30. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and their counsel; (iv) other secured creditors and their counsel, if known; (v) RBF and their counsel; and (vi) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002 and this Court's *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265; Entered on August 1, 2018]. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully represents that this Court enter an Order: (i) approving the Motion; (ii) authorizing and approving the Stipulation pursuant to Fed. R. Bankr. P. 9019; and (iii) granting such other and further relief as the Court deems appropriate.

      Respectfully submitted

      **FOX ROTHSCHILD LLP**

      By: */s/ Jason C. Manfrey*
      Michael G. Menkowitz
      Jason C. Manfrey
      Jesse M. Harris
      2000 Market Street, Twentieth Floor
      Philadelphia, PA  19103-3291
      Phone (215) 299-2000/Fax (215) 299-2150
      mmenkowitz@foxrothschild.com
      jmanfrey@foxrothschild.com
      jesseharris@foxrothschild.com

Dated:  March 28, 2019      *Counsel for Christine C. Shubert,*
      *Chapter 7 Trustee for the Debtors*