# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., *et al.*,[1] | : | Case No. 18-13774 (REF) |
| | : | (Jointly Administered) |
| Debtors. | : | |
| | : | |

## MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING STIPULATION BY AND BETWEEN THE CHAPTER 7 TRUSTEE AND TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC

Christine C. Shubert, the Chapter 7 Trustee ("Trustee") for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her attorneys, Fox Rothschild LLP, respectfully requests the entry of an order pursuant to Fed. R. Bankr. P. 9019 approving the Stipulation (the "Transcontinental Stipulation") by and between the Trustee and Transcontinental Gas Pipe Line Company, LLC ("Transcontinental", and collectively with the Trustee, the "Parties") (the "Motion"). In support of the Motion, the Trustee respectfully represents as follows:

### JURISDICTION

1.    This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.    Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) Ranck Plumbing Heating & Air Conditioning, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

1

3. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A. Bankruptcy Procedural Background

4. On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5. On the same day, the Office of the United States Trustee appointed the Trustee as chapter 7 trustee, which appointment remains in effect.

6. On June 19, 2018, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

### B. Amounts Due and Owing to Debtor Amerigreen Energy, Inc. from Transcontinental

7. Prior to the Petition Date, Debtor Amerigreen Energy, Inc. ("Amerigreen") paid a security deposit to Transcontinental in connection with natural gas transportation services provided by Transcontinental to Amerigreen in the amount of $87,300.00 (the "Security Deposit").

8. As of the Petition Date, Transcontinental remains in possession of the Security Deposit ("Amerigreen Account Receivable").

9. The Trustee has made a demand against Transcontinental for turnover and payment of the Amerigreen Account Receivable to the respective estate (the "Claim").

### C. Amounts Due and Owing to Transcontinental from Amerigreen Energy, Inc.

10. Prior to the Petition Date, Amerigreen incurred fees for natural gas transportation services provided by Transcontinental to Amerigreen in the amount of $63,408.43.

Active\92948681.v1-4/2/19

11. As of the Petition Date, the gross amount due and owing to Transcontinental for Amerigreen accounts receivable is $63,408.43 ("Transcontinental Amerigreen Claim").

12. Pursuant to 11 U.S.C. § 553, Transcontinental has asserted the right to setoff the Transcontinental Amerigreen Claim against the amount of the Amerigreen Account Receivable.

### D. Negotiation of the Transcontinental Stipulation Between the Parties

13. In order to facilitate payment of the Amerigreen Account Receivable after setoff of the Transcontinental Amerigreen Claim owed to Transcontinental, the Parties entered into arms-length negotiations to resolve these matters.

14. In order to settle and resolve any and all disputes between the Parties as to the Amerigreen Account Receivable, the Transcontinental Amerigreen Claim, and the Claim, the Parties seek to enter the Transcontinental Stipulation on the terms set forth herein.[2]

### E. Salient Provisions of Transcontinental Stipulation

15. The Parties have entered into the Transcontinental Stipulation.

16. A summary of the pertinent terms of the Transcontinental Stipulation is as follows:

   a. In consideration of the obligations under this Stipulation, Transcontinental shall be permitted to setoff the amount of the Transcontinental Amerigreen Claim of $63,408.43 against the Amerigreen Account Receivable of $87,300.00, thereby reducing the net amount of the Amerigreen Account Receivable to $23,891.57 (the "Amerigreen Net Account Receivable").

   b. In consideration of the obligations under this Stipulation, and in full resolution and satisfaction of the Amerigreen Account Receivable, the Transcontinental Amerigreen Claim, the Claim and any other claims by and between the Parties relating to these bankruptcy cases other than any claim, cause of action, or right to recover or avoid transfers or liens under chapter 5 of the Bankruptcy Code or otherwise, including 11 U.S.C. §§ 544, 545, 547, 548, 549, 550, 551, or 553, or otherwise under similar or related state or federal statutes and common law, including, without limitation, all preference,

---

[2] A copy of the Transcontinental Stipulation is also attached to the proposed form of Order as **Exhibit "A"**, and incorporated by reference therein.

fraudulent conveyance, fraudulent transfer, and/or other similar avoidance action claims, rights, or causes of action, Transcontinental shall pay, or cause to be paid, to the Trustee the sum of $23,891.57 USD (the "Transcontinental Settlement Payment") on account of the Amerigreen Net Account Receivable, within ten (10) business days after the Effective Date (as defined therein) of this Stipulation.

## RELIEF REQUESTED

17. By and through this Motion, the Trustee seeks entry of an Order authorizing and approving the Transcontinental Stipulation pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

18. Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct." Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

19. The Trustee is obligated to maximize the value of the estate and make her decisions in the best interests of all of the creditors of the estate. See Martin, 91 F.3d at 394. The Trustee believes, in her business judgment, that entry of the Transcontinental Stipulation is in the best interests of the estate and all of the creditors. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. See Martin, 91 F.3d at 395.

20. In determining whether a settlement should be approved under Bankruptcy Rule 9019, the Court must "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." Id. at 393. In striking this balance, courts should consider four factors: "(1) the probability of success in litigation; (2) the likely difficulties in collection; (3) the complexity of the litigation involved, and the expense,

4

inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors." Id. (citation omitted).

21. The Parties engaged in good faith, arms-length settlement negotiations in entering into the Transcontinental Stipulation.

22. The Transcontinental Stipulation should be approved because (i) sound business justification supports it, (ii) is is reasonable, and (iii) the four (4) Martin factors weigh in favor of approval. In light of the additional costs associated with litigating the claims and disputes between the Parties, the Trustee submits, in the exercise of her business judgment, that the Transcontinental Stipulation proposed herein is reasonable, will maximize the benefit to the estate with the least cost, and will increase the amount of proceeds that can be distributed to other creditors. The Trustee believes that the paramount interest of the creditors favors approval of the Transcontinental Stipulation.

23. Therefore, based on the foregoing, the Court's approval of the Transcontinental Stipulation is appropriate and in the best interest of the estate and its creditors.

## NOTICE

24. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and their counsel; (iv) other secured creditors and their counsel, if known; (v) Transcontinental Gas Pipe Line Company, LLC; (vi) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002; and (vii) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265]. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## **CONCLUSION**

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing and approving the Transcontinental Stipulation pursuant to Bankruptcy Rule 9019, and granting such other and further relief as the Court deems appropriate.

    Respectfully submitted,

    **FOX ROTHSCHILD LLP**

    By: */s/ Michael G. Menkowitz*
    Michael G. Menkowitz, Esquire
    Jason C. Manfrey, Esquire
    Jesse M. Harris, Esquire
    2000 Market Street, Twentieth Floor
    Philadelphia, PA  19103-3222
    Phone (215) 299-2000/Fax (215) 299-2150
    mmenkowitz@foxrothschild.com
    jmanfrey@foxrothschild.com
    jesseharris@foxrothschild.com

    *Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estates of Worley & Obetz, Inc., et al.*

Dated: April 2, 2019

Active\92948681.v1-4/2/19