## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| WORLEY & OBETZ, INC., *et al.*,[1] | : | Case No. 18-13774 (REF) |
| | : | (Jointly Administered) |
| Debtors. | : | |

---

## CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SETTLEMENT AGREEMENT AND RELEASE BY AND AMONG THE CHAPTER 7 TRUSTEE, JULIE H. LYONS, JEFFREY B. LYONS, AND FULTON BANK, N.A.

Christine C. Shubert, Chapter 7 Trustee ("Trustee") for the jointly administered estates of

Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her attorneys, Fox Rothschild LLP,

requests the entry of an Order approving the Settlement Agreement and Release (the "Agreement")

by and among the Trustee, Julie H. Lyons ("Mrs. Lyons"), Jeffrey B. Lyons ("Mr. Lyons"), and

Fulton Bank, N.A. ("Fulton Bank", and collectively with Mr. Lyons, Mrs. Lyons, and the Trustee,

the "Parties") pursuant to Fed. R. Bankr. P. 9019 (the "Motion").  In support of the Motion, the

Trustee respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue of this proceeding and this Motion is proper in this district pursuant to 28

U.S.C. §§ 1408 and 1409.

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

1

3.     The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BACKGROUND

### A.    Bankruptcy Procedural Background

4.     On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

5.     On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

6.     On June 19, 2018, the Court entered an order directing the joint administration of the Debtors' bankruptcy cases for procedural purposes only pursuant to Fed. R. Bankr. P. 1015(b).

7.     On July 17, 2018, Fulton Bank commenced an interpleader action against the Trustee, Mrs. Lyons, and Mr. Lyons as a result of competing claims to the balance of a certificate of deposit (the "CD") and a related account at Fulton Bank jointly held by Mr. Lyons and Mrs. Lyons (the "Account"), which case is captioned as Fulton Bank, N.A. v. Christine C. Shubert, Case No. 18-00163 (the "Interpleader Action").

8.     Separately, on October 15, 2018, the Trustee commenced an adversary action against Mr. Lyons and Mrs. Lyons, among other defendants, in the Bankruptcy Court, which case is captioned as Christine C. Shubert v. Robert Seth Obetz, et al., Case No. 18-00235 (the "Adversary Action").

9.     As of March 14, 2019, the positive balance of the CD on deposit in the Account was $155,201.46.

Active\93294287.v4-6/23/19

### B.    Negotiation of the Agreement Between the Parties

10.    Since filing the Interpleader Action, the Parties have conducted extensive, arms-length negotiations to resolve these matters.

11.    In order to settle and resolve any and all disputes between the Parties as to the Interpleader Action, the Parties seek to enter the Agreement on the terms set forth therein. A copy of the Agreement is attached hereto as **Exhibit "A"**, and incorporated by reference herein.[2]

### C.    Salient Provisions of the Agreement

12.    The Trustee, Mrs. Lyons, Mr. Lyons, and Fulton Bank have entered into the Agreement.

13.    A summary of the pertinent terms of the Agreement are as follows:

    a.    The Parties have agreed to resolve the dispute regarding the Interpleader Action on the terms set forth therein.

    b.    Mr. Lyons and Mrs. Lyons shall act in good faith in attempting to sell the Real Lancaster Property[3]. Mr. Lyons and Mrs. Lyons shall enter into an agreement of sale for the sale of the Real Lancaster Property at a purchase price acceptable to the Trustee.

    c.    There shall be subtracted from the Adjusted Real Lancaster Property Proceeds $200,000.00, which will be paid to the Trustee and W&O's estate as repayment for the W&O Payment (the "W&O Repayment"). The remaining amount of the Adjusted Real Lancaster Property Proceeds after and net of payment of the W&O Repayment shall be defined herein as the "Allocable Real Lancaster Property Proceeds".

    d.    The Debtors' estates and the Trustee shall be entitled to receive fifty-percent (50%) of the Allocable Real Lancaster Property Proceeds (the "Estates' Share"). The Estates' Share shall be held in escrow by the Trustee pending a full and final resolution of the Adversary Action. Upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of a final, non-appealable Judgment or Order fully

---

[2] A copy of the Agreement is also attached to the proposed form of Order as **Exhibit "A"**, and incorporated by reference therein.

[3] Terms not otherwise defined herein shall have their meanings as defined in the Agreement.

Active\93294287.v4-6/23/19

resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants, the Estates' Share shall be released from escrow to the Trustee.

e.    Mrs. Lyons shall be entitled to receive fifty-percent (50%) of the Allocable Real Lancaster Property Proceeds

f.    Mr. Lyons and Mrs. Lyons shall turnover to the Trustee their undivided 50% interest as tenants by the entirety in the Fenwick Property within (10) business days of the Effective Date. Any proceeds from the Trustee's sale of the Fenwick Property shall be held in escrow by the Title Company pending a full and final resolution of the Adversary Action. Upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of a final, non-appealable Judgment or Order fully resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants, the proceeds of the sale of the Fenwick Property shall be released from escrow to the Trustee.

g.    Within five (5) business days after the Effective Date, Fulton Bank shall (1) pay to the Trustee the total sum of 50% of the CD Balance as of the Effective Date, which payment will be held in escrow by the Trustee pending a full and final resolution of the Adversary Action), and (2) pay to Mrs. Lyons the total sum of 50% of the CD Balance as of the Effective Date.

h.    As of the Effective Date, and in consideration of the provisions set forth in this Agreement, Mrs. Lyons and her agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Mrs. Lyons, hereby remise, release and forever discharge the Trustee and the Debtors' estates, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Mrs. Lyons has, ever had, might have had or might have in the future, arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Interpleader Action, the Adversary Action, and all other disputes arising out of or related to the Debtors' bankruptcy cases, from the beginning of time to the end of time.

i.    As of the Effective Date, and in consideration of the provisions set forth in this Agreement, the Trustee, in her capacity as the Chapter 7 Trustee for the bankruptcy estates of the Debtors, and the Debtors'

4

estates, hereby knowingly and voluntarily release and forever
discharge Mrs. Lyons and her agents, heirs, successors, executors,
assigns, attorneys, accountants, and personal representatives (the
"Mrs. Lyons Released Parties"), **only**, from any and all suits, causes
of action, complaints, charges, obligations, demands, or claims of
any kind, whether in law or in equity, direct or indirect, known or
unknown, which the Trustee and/or Debtors' estates ever had or now
have against the Mrs. Lyons Released Parties, arising out of or in
connection with, in whole or in part, and relating in any way to the
allegations set forth in the Interpleader Action, the Adversary Action,
and all other disputes arising out of or relating to any matter
concerning the administration of the Debtors' bankruptcy estates
under any state or federal law, including, but not limited to, the
Pennsylvania Uniform Voidable Transactions Act, or any other
Pennsylvania statute, and the United States Bankruptcy Code. This
release includes, but is not limited to, any and all claims that the
Trustee and/or the Debtors' estates ever had or now have against the
Mrs. Lyons Released Parties, **only**, for unjust enrichment,
conversion, avoidance and recovery of fraudulent transfers pursuant
to 12 Pa. C.S. § 5101, et seq., and 11 U.S.C. § 544 and turnover
pursuant to 11 U.S.C. § 542, any and all claims for compensatory or
punitive damages, and any and all claims for attorneys' fees and
costs. It is expressly understood and agreed that by signing this
Agreement, the Trustee does not relinquish and expressly reserves
her right to pursue any and all claims, causes of actions, suits, and
demands whatsoever, whether known or unknown, including, but
not limited to, the claims asserted in the Adversary Action, against
any parties, persons, or entities, other than the Mrs. Lyons Released
Parties, including, but not limited to, Mr. Lyons, subject to the terms
and provisions of the Limited Release in Paragraph 10, Robert Seth
Obetz, Robert W. Obetz, Jr., Judith A. Avilez, Karen L. Connelly,
Marjorie S. Obetz, Melissa Obetz, Molly S. Obetz, Samuel J. Obetz,
Howard W. Cramer, Jr., Kathleen A. Cramer, Michele K. Klusewitz,
a/k/a Michele Kelly, 149 Doe Run Road, LP, 149 Doe Run Road,
GP, LLC, 202 Greenfield, LP, 202 Greenfield General, LLC, 535
Stiegel Valley Road, LLC, Doe Run Road, LLC, OL Partners, LLC,
G-Force Sportfishing, Inc., JW Bishop Properties, LLC, Lyons &
Obetz, and JSB Retention, LLC (the "Remaining Defendants"),
including, but not limited to, the Trustee's right to claim that the
Remaining Defendants, and not Mrs. Lyons, are liable to the Trustee
for any and/or all injuries, losses and damages. Mrs. Lyons and the
Trustee expressly agree and acknowledge that the Trustee reserves
all rights, waiving none, regarding the claims asserted against the

Active\93294287.v4-6/23/19

Remaining Defendants in the Adversary Action, subject to the terms and provisions of the Limited Release of Mr. Lyons, as set forth in Paragraph 10.

j.      In consideration of the provisions set forth in this Agreement, Mr. Lyons and his agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Mr. Lyons, hereby remise, release and forever discharge the Trustee and the Debtors' estates, from any and all claims, actions, liabilities, debts and causes of action, whatsoever, whether in law or in equity, whether known or unknown, which Mr. Lyons has, ever had, might have had or might have in the future, relating to the Real Lancaster Property, the Fenwick Property, the CD, and/or the Account. The release provided in this paragraph will be effective upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of a final, non-appealable Judgment or Order fully resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants.

k.      In consideration of the provisions set forth in this Agreement, and upon the filing of a Stipulation of Dismissal signed by all parties pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), or the entry of final, non-appealable Judgment or Order fully resolving all claims in the Adversary Action, including, but not limited to, the claims asserted against and by the Remaining Defendants, the Trustee, in her capacity as the Chapter 7 Trustee for the bankruptcy estates of the Debtors, will knowingly and voluntarily release and forever discharge Mr. Lyons, **only**, from the claims asserted against Mr. Lyons as they relate to the Real Lancaster Property, the Fenwick Property, CD, and/or the Account, **only**, including any claims arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in the Interpleader Action. This release shall in no way be interpreted as a release of, or an agreement to settle, any of the claims, counts, or causes of action asserted in the Amended Complaint filed by the Trustee in the Adversary Action (the "Amended Complaint"), against Mr. Lyons or any of the Remaining Defendants, except for the limited purpose of resolving the Parties' disputes over the ownership and rights to the Real Lancaster Property, the Lyons' interests in the Fenwick Property, the CD, and the Account. It is expressly understood and agreed that the Trustee will pursue all claims, counts, and causes of action asserted in the Amended Complaint against Mr. Lyons and the

6

Remaining Defendants. It is expressly understood and agreed that by signing this Agreement, the Trustee does not relinquish and expressly reserves her right to pursue and recover any and all other property (real or otherwise) or assets belonging to, purportedly belonging to, or in the possession of, Mr. Lyons, and/or his agents, heirs, successors, assigns, attorneys, accounts, or personal representatives. It is expressly understood and agreed that by signing this Agreement, the Trustee does not relinquish and expressly reserves her right to pursue any and all claims, causes of actions, suits, and demands whatsoever, whether known or unknown, relating to or arising out of Mr. Lyons's role as an officer, director, employee, and/or insider of the Debtors, against any parties, persons, or entities (other than Mrs. Lyons as set forth in Paragraph 8 above), including, but not limited to, the Trustee's right to claim that the Remaining Defendants, and not Mr. Lyons, are liable to the Trustee for any and/or all injuries, losses and damages. Nothing contained in this Agreement shall be construed to release, alter, or affect any other claims or causes of action that the Trustee may have against Mr. Lyons relating to the administration of the Debtors' bankruptcy estates. Nothing contained in this Agreement shall be construed to release, alter, or affect any claims or causes of action that the Trustee has or may have against Mr. Lyons's agents, heirs, successors, assigns, attorneys, accountants, or personal representatives.

l.    As of the Effective Date, and in consideration of the provisions set forth in this Agreement, Mr. Lyons and his agents, heirs, successors, assigns, personal representatives, attorneys, and anyone claiming through or on behalf of Mr. Lyons, hereby remise, release and forever discharge the Fulton Bank Released Parties, from any and all suits, causes of action, complaints, charges, obligations, demands, or claims of any kind, whether in law or in equity, direct or indirect, known or unknown, which Mr. Lyons ever had or now has against the Fulton Bank Released Parties relating to the CD and Account **only**, including all claims with respect thererto arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in, the Interpleader Action.

m.    As of the Effective Date and in consideration of the provisions set forth in this Agreement, Fulton Bank hereby knowingly and voluntarily releases and forever discharges Mr. Lyons from any and all suits, causes of action, complaints, charges, obligations, demands, or claims of any kind, whether in law or in equity, direct

Active\93294287.v4-6/23/19

or indirect, known or unknown, which Fulton Bank ever had or now has against Mr. Lyons relating to the CD and Account, **only**, including all claims with respect thereto arising out of or in connection with, in whole or in part, and relating in any way to the allegations set forth in, the Interpleader Action. **For the avoidance of doubt, the releases set forth in Paragraphs 11 and 12 are intended only to resolve Mr. Lyons's and Fulton Bank's respective claims, rights, and interests in and to the CD and the Account.**

n.    This Agreement shall confer no rights whatsoever upon any third party or entity, unless expressly set forth herein. Except as set forth in Paragraph 10, the Trustee's claims against the Remaining Defendants expressly survive this Agreement and the Trustee does not provide a release of any kind with respect to the Remaining Defendants and/or any other potentially responsible Party relating to the claims that have been asserted or could be asserted in the Adversary Action, and/or any other claims relating to the administration of the Debtors' bankruptcy estates. The Trustee specifically reserves all equitable and legal rights and may pursue any and all claims the Trustee had, has, or may have against the Remaining Defendants, and their respective directors, officers, shareholders, principals, agents, heirs, successors, assigns, personal representatives, and/or attorneys, including, without limitation all claims, matters, and disputes involved in the Adversary Action, except for those claims directly related and limited to the Real Lancaster Property, the Lyons' interests in the Fenwick Property, the CD, and/or the Account. The Trustee specifically reserves all equitable and legal rights and may pursue any and all claims the Trustee had, has, or may have against Robert Seth Obetz and Melissa Obetz relating to their purported interests in the Fenwick Property.

## RELIEF REQUESTED

14.    By and through this Motion, the Trustee seeks entry of an Order authorizing and approving the Agreement pursuant to Bankruptcy Rule 9019.

## BASIS FOR RELIEF REQUESTED

15.    Bankruptcy Rule 9019 provides that "[o]n motion by the [T]rustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to

creditors, the United States trustee, the debtor. . . and to any other entity as the court may direct."

Fed. R. Bankr. P. 9019(a); see also Myers v. Martin (In re Martin), 91 F.3d 389, 393 (3d Cir. 1996).

16.     The Trustee is obligated to maximize the value of the estate and make her decisions

in the best interests of all of the creditors of the estate.  See Martin, 91 F.3d at 394.  The Trustee

believes, in her business judgment, that entry of the Agreement is in the best interests of the estate

and all of the creditors.  Courts generally defer to a trustee's business judgment when there is a

legitimate business justification for the trustee's decision.  See Martin, 91 F.3d at 395.

17.     In determining whether a settlement should be approved under Bankruptcy Rule

9019, the Court must "assess and balance the value of the claim that is being compromised against

the value to the estate of the acceptance of the compromise proposal."  Id. at 393.  In striking this

balance, courts should consider four factors: "(1) the probability of success in litigation; (2) the

likely difficulties in collection; (3) the complexity of the litigation involved, and the expense,

inconvenience and delay necessarily attending it; and (4) the paramount interest of the creditors."

Id. (citation omitted).

18.     The Parties engaged in good faith, arms-length settlement negotiations in entering

into the Agreement.

19.     The Agreement should be approved because (i) sound business justification

supports it, (ii) it is reasonable, and (iii) the four (4) Martin factors weigh in favor of approval.  In

light of the additional costs associated with litigating the claims and disputes between the Parties,

the Trustee submits, in the exercise of her business judgment, that the Agreement proposed herein

is reasonable, will maximize the benefit to the estate with the least cost, and will increase the

amount of proceeds that can be distributed to other creditors.  The Trustee believes that the

paramount interest of the creditors favors approval of the Agreement.

Active\93294287.v4-6/23/19

20. Therefore, based on the foregoing, the Court's approval of the Agreement is appropriate and in the best interest of the estate and its creditors.

## NOTICE

21. This Motion has been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and their counsel; (iv) other secured creditors and their counsel, if known; (v) counsel for Mrs. Lyons; (vi) counsel for Mr. Lyons; and notice of this Motion to (vii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002 at the time the Trustee filed the Motion; and (viii) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265]. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that this Court enter an Order authorizing and approving the Agreement pursuant to Bankruptcy Rule 9019, and granting such other and further relief as the Court deems appropriate.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: */s/ Michael G. Menkowitz*
Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, Twentieth Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

*Attorneys for Christine C. Shubert, Chapter 7 Trustee for the estates of Worley & Obetz, Inc., et al.*

Dated: June 26, 2019

10