UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: : | Chapter 7 |
| : | |
| WORLEY & OBETZ, INC., *et al.*,[1] : | Case No. 18-13774 (REF) |
| : | (Jointly Administered) |
| Debtors. : | **Hearing Date:** |
| : | **Obj. Deadline:** |

**CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) (I) AUTHORIZING TRUSTEE TO CONSUMMATE ALL TRANSACTIONS CONTEMPLATED BY AGREEMENT OF SALE OF CERTAIN REAL PROPERTY; AND (II) GRANTING RELATED RELIEF**

Christine C. Shubert (the "Trustee"), the Chapter 7 Trustee for the estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her counsel, Fox Rothschild LLP, respectfully requests the entry of an Order pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") (i) authorizing the Trustee to consummate all transactions contemplated by an Agreement of Sale (the "Agreement of Sale")[2] for real property located at 40127 Fenwick Avenue, Unit 3, Fenwick Island, Delaware (the "Fenwick Property"); and (ii) granting related relief (the "Motion"). In support of this Motion, the Trustee represents as follows:

---

[1] The Debtors is these cases, along with the last four digits of their federal tax identification numbers are (i) Worley & Obetz, Inc. (6576) (Case No. 18-13774-REF); (ii) Americomfort, Inc. (7605) (Case No. 18-13775-REF); (iii) RPHAC, Inc. (9625) (Case No. 18-13776-REF); (iv) Amerigreen Energy, Inc. (6284) (Case No. 18-13777-REF); (v) Advance Air, Inc. (8111) (Case No. 18-13778-REF); (vi) Amerigreen Energy Brokers, LLC (2358) (Case No. 18-13779-REF); (vii) Amerigreen Electricity, LLC (8977) (Case No. 18-13780-REF); (viii) Amerigreen Hedging Services, LLC (8549) (Case No. 18-13781-REF); (ix) Amerigreen Lubricants, LLC (7489) (Case No. 18-13782-REF); (x) Amerigreen Natural Gas, LLC (3222) (Case No. 18-13783-REF); and (xi) Amerigreen Propane, LLC (Case No. 18-13784-REF).

[2] A true and correct copy of the Agreement of Sale is attached hereto as **Exhibit "A"** and incorporated by reference herein.

## JURISDICTION

1. The Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N), and (O).

2. Venue of this proceeding and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief sought herein are Sections 105(a) and 363(b) of the Bankruptcy Code, and Rule 6004 of the Bankruptcy Rules.

## BACKGROUND

### A. Bankruptcy Procedural Background

4. On June 6, 2018 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5. On the same day, the Office of the United States Trustee appointed the Trustee as Chapter 7 trustee, which appointment remains in effect.

6. By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF) [D.I. 75].

### B. Debtor Worley & Obetz, Inc.'s Interest in the Fenwick Property

7. Prior to the Petition Date, Jeffrey B. Lyons ("Mr. Lyons"), the former Chief Executive Office of Debtor Worley & Obetz, Inc. ("Debtor W&O"), and his spouse, Julie Lyons ("Mrs. Lyons", and together with Mr. Lyons, the "Lyons"), purchased an undivided 50% interest in the Fenwick Property as tenants by the entirety.

8. On or about the same time, Robert Seth Obetz ("Mr. Obetz"), the Chairman and a director of Debtor W&O, and his spouse, Melissa Obetz ("Mrs. Obetz", and together with Mr. Obetz, the "Obetzs"), likewise purchased an undivided 50% interest in the Fenwick Property as tenants by the entirety.

9. On July 17, 2018, Fulton Bank, N.A. ("Fulton Bank") commenced an interpleader action in the Bankruptcy Court against the Trustee, Mr. Lyons, and Mrs. Lyons as a result of competing and adverse claims to the balance of a certificate of deposit on deposit in a related account jointly held by the Lyons, which case is captioned as *Fulton Bank, N.A. v. Christine C. Shubert*, Case No. 18-00163 (the "Interpleader Action").

10. Separately, on October 15, 2018, the Trustee commenced an adversary action against the Lyons and Obetzs, among other defendants, in the Bankruptcy Court, which case is captioned as *Christine C. Shubert v. Robert Seth Obetz, et al.*, Case No. 18-00235 (the "Adversary Action").

11. The Trustee, Fulton Bank, and the Lyons have entered into a Settlement Agreement (the "Settlement Agreement")[3] resolving the Interpleader Action and certain specific claims asserted in the Adversary Action, as more fully set forth therein. Contemporaneously herewith, the Trustee is filing a Motion for an Order approving the Settlement Agreement.

12. Pursuant to the Settlement Agreement, Mr. Lyons and Mrs. Lyons have agreed to turnover to the Trustee their undivided 50% interest as tenants by the entirety in the Fenwick Property within (10) business days of entry of an Order approving the Settlement Agreement. Moreover, the Settlement Agreement provides that any proceeds from the sale of the Fenwick

---

[3] A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit "B"** and incorporated by reference herein.

Active\97374422.v2-6/26/19

Property shall be held in escrow by the Title Company pending a full and final resolution of the Adversary Action.

13. The Obetzs have consented to the sale of the Fenwick Property, and have agreed to escrow their portion of the proceeds with the Title Company pending a full and final resolution of the Adversary Action.

14. The Fenwick Property is subject to a security interest and lien in favor of Fulton Bank, N.A. ("Fulton Bank") in the approximate amount of $199,662.55.

### TERMS OF PROPOSED SALE

15. At present, Wolfram Andrews, Arlene Andrews, Joel Canfield, Brigitta Canfield, David E. Davis, and Cynthia Davis (collectively, the "Purchasers") have provided an executed Agreement of Sale, which contemplates a sale of the Fenwick Property.

16. As set forth in the Agreement of Sale, the purchase price for the sale of the Fenwick Property is $725,000.00.

17. The Agreement of Sale and the sale of the Fenwick Property to Purchasers is subject to Bankruptcy Court approval.

18. Pursuant to the terms of the Agreement of Sale, closing on the sale transaction set forth in the Agreement of Sale is scheduled for July 15, 2019.

### RELIEF REQUESTED

19. The Trustee respectfully requests that this Court enter an Order authorizing the Trustee to consummate all transactions contemplated by the Agreement of Sale substantially in the form submitted herewith.

4

## BASIS FOR RELIEF

A. **The Trustee Should be Authorized to Consummate All Transactions Contemplated by the Agreement of Sale Pursuant to Section 363(b) of the Bankruptcy Code.**

20. This Court should authorize the Trustee to consummate all transactions contemplated by the Agreement of Sale.

21. Section 363(b) of the Bankruptcy Code provides that a Trustee "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." See 11 U.S.C. § 363(b)(1). To approve a use, sale or lease, other than in the ordinary course of business, the Court must find "some articulated business justification." See In re Martin (Myers v. Martin), 91 F.3d 389, 395 (3d Cir. 1996); In re Abbotts Dairies of Pennsylvania. Inc., 788 F. 2d 143 (3d Cir. 1986) (requiring good faith purchasing); In re Delaware and Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991) (concluding that requirements for sale outside ordinary course of business included sound business purpose, adequate and reasonable notice, fair and reasonable price, and good faith Purchasers).

22. Although 11 U.S.C. § 363(b) does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, courts have required that such use, sale or lease be based upon a trustee's sound business judgment. See, e.g., In re Decora Indus., Inc., 2002 WL 32332749, *2 (D. Del. May 20, 2002); In re Delaware & Hudson Ry. Co., 124 B.R. at 176; In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (Bankr. D. Del. 1999). A trustee's showing of sound business justification, need not be unduly exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin United Corp., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

5

23. Bankruptcy courts are given substantial discretion in deciding whether to authorize a sale of the debtor's assets outside of the ordinary course of business. See In re Chateaugay Corp., 973 F.2d 141, 144 (2d Cir. 1992).

24. The Trustee, through the exercise of her business judgment, has determined that the sale of the Fenwick Property to Purchasers under the terms of the Agreement of Sale, is in the best interests of the Debtors, their creditors, and the bankruptcy estates. Given the lengthy listing history, as well as the marketing performed by the listing agent, Purchasers' offer is the highest and best offer received for the Fenwick Property, and in the Trustee's business judgment, is reasonable and represents the fair market value of the Fenwick Property. If the sale of the Fenwick Property is not completed to the Purchasers, the value of the Fenwick Property may depreciate. In light of the aforementioned, the Trustee believes that the sale of the Fenwick Property to Purchasers is the best option to maximize the value of the proceeds from the sale of the Fenwick Property. Accordingly, in the exercise of the Trustee's business judgment, the Trustee submits that the sale of the Fenwick Property to Purchasers under the terms of the Agreement of Sale should be approved.

B. **Waiver of Fourteen-Day Stay Period.**

25. The Trustee requests that the Court waive the requirements under Fed. R. Bankr. P. 6004(h), so that the sale of the Fenwick Property to Purchasers may close immediately rather than being subject to the fourteen (14)-day waiting period outlined in Fed. R. Bankr. P. 6004(h).

26. Fed. R. Bankr. P. 6004(h) provides that an order authorizing the "use, sale, or lease of property … is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Fed. R. Bankr. P. 6004(h).

27. The purpose of Fed. R. Bankr. P. 6004(h) is to provide sufficient time for an objecting party to appeal before an order can be implemented. See Advisory Committee Notes to Fed. R. Bankr. P. 6004(h). Although Fed. R. Bankr. P. 6004(h) and the Advisory Committee Notes are silent as to when a court should "order otherwise" and eliminate or reduce the 14-day stay period, COLLIER suggests that the 14-day stay period should be eliminated to allow a sale or other transaction to close immediately "where there has been no objection to the procedure." 10 COLLIER ON BANKRUPTCY, ¶ [6004.11], 6004-18 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). COLLIER further provides that if an objection is filed and overruled, and the objecting party informs the court of its intent to appeal, the stay may be reduced to the amount of time actually necessary to seek a stay, unless the court determines that the need to proceed sooner outweighs the interests of the objecting party. Id.

28. Therefore, the Trustee hereby requests that the Court waive the 14-day stay period under Fed. R. Bankr. P. 6004(h) to ensure the transaction is consummated by July 15, 2019, the proposed closing date of the sale.

## NOTICE

29. Notice of this Motion has been provided to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) Fulton Bank and their counsel; (iv) other secured creditors and their counsel, if known; (v) counsel for the Purchasers; (vi) counsel for the Lyons; (vi) counsel for the Obetzs; (vii) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002; and (viii) in accordance with this Court's August 1, 2018 *Order Pursuant to 11 U.S.C. §§ 102 and 105(a) and Fed. R. Bankr. P. 2002(m) and 9007 Establishing Notice and Service Procedures* [D.I. 265]. The Trustee submits that such notice is proper and adequate and no further notice is necessary or required.

Active\97374422.v2-6/26/19

## CONCLUSION

WHEREFORE, the Trustee respectfully request that the Court grant the Motion and enter an Order, substantially in the form attached hereto, (i) Authorizing the Trustee to consummate all transactions contemplated by the Agreement of Sale pursuant to 11 U.S.C. §§ 105 and 363(b) and Fed. R. Bankr. P. 6004; (ii) waving the fourteen (14) day stay provided for in Fed. R. Bankr. P. 6004(h); and (iii) granting the Trustee such other and further relief as is just and proper.

Respectfully submitted,

**FOX ROTHSCHILD LLP**

By: /s/ Michael G. Menkowitz

Michael G. Menkowitz, Esquire
Jesse M. Harris, Esquire
2000 Market Street, 20th Floor
Philadelphia, PA 19103-3222
Phone (215) 299-2000/Fax (215) 299-2150
mmenkowitz@foxrothschild.com
jesseharris@foxrothschild.com

Dated: June 26, 2019

*Counsel for Christine C. Shubert, Chapter 7 Trustee for the Debtors*