# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re<br><br>WORLEY & OBETZ, INC., *et al.*,<br><br>　　　　　　Debtors. | CHAPTER 7<br><br>Case No. 18-13774 (MDC)<br>(Jointly Administered) |
| **CHRISTINE C. SHUBERT,** Chapter 7 Trustee for the Estates of Worley & Obetz, Inc., *et al.*;<br><br>　　　　　　Plaintiff,<br><br>　　　　vs.<br><br>**ROBERT SETH OBETZ**, *et al.*,<br><br>　　　　　　Defendants. | Adv. No. 18-00235 (MDC) |

**MOTION FOR ORDER SCHEDULING EXPEDITED
HEARING AND SHORTENING TIME PERIOD FOR NOTICE OF HEARING
ON THE CHAPTER 7 TRUSTEE'S MOTION FOR ENTRY OF CONSENT ORDER
AMENDING ORDER APPOINTING RENT RECEIVER [A.D.I. 162]**

Plaintiff Christine C. Shubert (the "Trustee" or "Plaintiff"), the Chapter 7 Trustee for the jointly administered estates of Worley & Obetz, Inc., *et al.* (the "Debtors"), by and through her counsel, Fox Rothschild LLP, hereby files this motion (the "Motion to Expedite")[1] for entry of an Order scheduling an expedited hearing and shortening time for notice of hearing on the Trustee's *Motion for Entry of Consent Order Amending Order Appointing Rent Receiver* (the "Motion"). In support of the Motion to Expedite, the Trustee respectfully states as follows:

1.　　On June 6, 2018 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

---

[1] Capitalized terms not otherwise defined herein shall have their meanings as defined in the respective Motion.

116761477.v2

2. On June 6, 2018, the Office of the United States Trustee appointed Christine C. Shubert as Chapter 7 Trustee of the Debtors' estates, which appointment remains in effect.

3. By Order entered on June 19, 2018, this Court consolidated the Debtors' cases, for procedural purposes only, and ordered the joint administration of the Debtors' cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 under *In re Worley & Obetz, Inc., et al.*, Case No. 18-13774 (REF) [D.I. 75].

4. Contemporaneously herewith, the Trustee is filing the Motion. See [A.D.N. 266].

5. As more fully set forth in the Motion, on October 15, 2018, the Trustee commenced an adversary action in the Bankruptcy Court, which case is captioned as <u>Christine C. Shubert v. Robert Seth Obetz, et al.</u>, Case No. 18-00235 (the "<u>Adversary Action</u>"). Among other things, the Amended Complaint includes counts for the turnover of Properties that certain Defendants leased to non-debtor commercial tenants.

6. On August 28, 2019, this Court entered an *Order Appointing Rent Receiver* [A.D.I. 162], as clarified by that certain *Consent Order Clarifying Order Appointing Rent Receiver* [A.D.I. 184] (together, the "<u>Receiver Order</u>"). Pursuant to the Receiver Order, this Court appointed Thomas J. Beane of Beane Associates, Inc. as the rent receiver (the "<u>Receiver</u>") to, among other things, manage the rent collection and payment of expenses for the Properties. The Receiver Order also provides that the Receiver's rights and duties shall terminate upon the resolution of the Adversary Proceeding by entry of a final non-appealable Order.

7. Over one year later, on October 28, 2020, the Trustee filed a *Motion for an Order Approving Settlement Agreement By and Among the Chapter 7 Trustee and Defendants* (the "<u>9019 Motion</u>") [A.D.I. 258], therein requesting approval of that certain Settlement Agreement attached

to the 9019 Motion as Exhibit "A" (the "Settlement Agreement"). The Settlement Agreement fully resolves the Adversary Proceeding.

8. Under the terms of the Settlement Agreement, Defendants are transferring record title of the Properties (the "Transfer") to Plaintiff,

9. In accordance with the terms of the Receiver Order, Defendants and Plaintiff have requested that Fulton Bank, holder of the Mortgages on the Mortgaged Properties, consent to the Transfer.

10. Fulton Bank is willing to consent to the Transfer under the terms and conditions of the Consent Order attached to the Motion as Exhibit "A". In sum, the Consent Order achieves two primary and mutually beneficial goals: (1) maintain the Receiver's role until Plaintiff liquidates the Properties, which, under the terms of the Receiver Order, would otherwise terminate upon the Transfer; and (2) provide a minimum recovery for the Debtors' estates through the proposed Carve-Out (as defined therein) in the event the equity in a particular Property does not ultimately exceed the applicable Mortgage.

11. On December 2, 2020, the Court held a hearing on the 9019 Motion where the Court orally approved the Settlement Agreement, which will become final and non-appealable on or about December 16, 2020 (the "Effective Date").

12. The ordinary hearing date under subdivision (a) of Local Rule 5070-1 would occur after the Effective Date. Therefore, to ensure that the entry of a final, non-appealable order approving the Settlement Agreement does not trigger a termination event under the Receiver Order, the Trustee needs the Consent Order to be considered and entered on an expedited basis. Without expedited consideration, there is a significant risk of diminution of value and/or loss of

the Properties. The Trustee, therefore, needs the Court's approval of the Consent Order before the Effective Date to ensure that the receivership—and the value of the Properties—is maintained.

13.     Pursuant to Fed. R. Bankr. P. 2002(a)(2), the Trustee must provide at least twenty-one (21) days' notice of the Motion to all creditors and interested parties. Fed R. Bankr. P. 9006(c)(1) provides, in relevant part, that "when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."

14.     Fed. R. Bankr. P. 9006(c)(2) states that the Court may not reduce the time for taking action under certain other bankruptcy rules, none of which is applicable here. Moreover, Fed. R. Bankr. P. 2002(m) and Fed. R. Bankr. P. 9007 permit the Court to designate the form and manner in which notice shall be given, and the entities to be served. See Fed. R. Bankr. P. 2002(m) (Fed. R. Bankr. P. 2002(m) provides that, "[t]he Court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules."); see also Fed. R. Bankr. P. 9007 ("[w]hen notice is to be given under these rules, the Court shall designate, if not otherwise specified herein . . . the form and manner in which the notice shall be given").

15.     By this Motion to Expedite, the Trustee requests that this Court enter an Order, pursuant to Fed. R. Bankr. P. 9006, shortening the time period and limiting notice for the Motion. The Trustee respectfully requests that the Court schedule an expedited hearing on the Motion at its earliest convenience and before **December 16, 2020**. The Trustee also requests that notice of the Motion be limited to: (i) the Office of the United States Trustee for the Eastern

District of Pennsylvania; (ii) counsel for the Debtors; (iii) counsel for Fulton Bank; (iv) counsel for the Receiver; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

16. As set forth above, the Motion seeks this Court's entry of the Consent Order before the Effective Date in order to maximize the benefit to the estate. It is therefore critical that the Motion be heard on an expedited basis to reduce the risk of diminution of value and/or loss of the Properties.

17. Accordingly, the Trustee submits that cause exists for the Court to grant this Motion to Expedite and to schedule an expedited hearing on the Motion on shortened time for notice of such hearing.

18. The Trustee respectfully requests that the Court schedule an expedited hearing on the Motion at its earliest convenience and before **December 16, 2020**.

19. The Trustee has consulted with counsel for Fulton Bank and the Receiver, both of which agree that the Motion to Expedite is in the best interests of the respective parties and the Debtors' estates.

20. Counsel to the Trustee has given notice prior to filing this Motion to Expedite to the following parties by telephone, facsimile, or email: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) counsel for Fulton Bank; (iv) counsel for the Receiver; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

21. In light of the urgent nature of the Motions and the need for a hearing as soon as possible, the Trustee will serve the Motion to Expedite, the proposed form of order granting the Motion to Expedite, the Motion, and the Consent Order, *via* overnight mail, Federal Express, email (including CM/ECF notice) or facsimile to: (i) the Office of the United States Trustee for

the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) counsel for Fulton Bank; (iv) counsel for the Receiver; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

22. If the Court grants the Motion to Expedite, a copy of the entered Order approving this Motion to Expedite, together with notice of the Motion, shall be served *via* overnight mail, Federal Express, email (including CM/ECF notice) or facsimile to: (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) counsel for the Debtors; (iii) counsel for Fulton Bank; (iv) counsel for the Receiver; and (v) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.

WHEREFORE, the Trustee respectfully requests the entry of an Order, in the form submitted herewith, shortening the time period and limiting notice of the hearing on the Motion.

    Respectfully submitted

    **FOX ROTHSCHILD LLP**

    By: */s/ Jesse M. Harris*
    Michael G. Menkowitz, Esquire
    Jesse M. Harris, Esquire
    2000 Market Street, Twentieth Floor
    Philadelphia, PA  19103-3291
    Phone (215) 299-2000/Fax (215) 299-2150

Dated:  December 2, 2020    *Counsel for Christine C. Shubert,*
    *Chapter 7 Trustee for the Debtors*

116761477.v2